## JURZAK v. STATE. (1 Div. 482.)

(Court of Appeals of Alabama. May 8, 1923. Rehearing Denied June 26, 1923.)

1. Indictment and information ⬅️37—Indictment charging embezzlement of "about the amount" of $250 held sufficient.

An indictment for embezzlement, charging that accused embezzled or fraudulently converted to her own use money "to about the amount" of $250, being in the form prescribed by Code 1907, § 7161, form 49 (1 Mayfield's Digest, p. 422, § 11), was sufficient, and it was not necessary to more fully describe the money or to aver that a more particular description was unknown to the grand jury.

2. Criminal law ⬅️828, 878(2)—Error cannot be predicated on failure to give affirmative charge not requested in writing.

Where accused did not request in writing the general affirmative charge, even though

there was no evidence to support a charge of larceny in one of the counts in the indictment, the general verdict of guilty was referable to the count supported by the evidence, and error could not be predicated on the court's failure to give ex mero motu the general affirmative charge.

Appeal from Circuit Court, Washington County; Ben D. Turner, Judge.

Margaret Ronay Jurzak was convicted of embezzlement, and appeals. Affirmed.

Edward J. Grove, of Mobile, for appellant.

The first and second counts of the indictment were defective in description of the money. State v. Murphy, 6 Ala. 845.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

FOSTER, J. The first count of the indictment charged that defendant, while acting as an agent of Steve Despod, embezzled or fraudulently converted to her own use money to "about the amount" of $250, which came into her possession by virtue of her employment.

The second count charged embezzlement to "about the amount" of $50. The third count charged grand larceny.

The evidence of the state was directed to showing that the defendant acted as agent for Steve Despod for the purpose of purchasing certain real estate, that he sent money to her for this purpose, that she failed to purchase the property and embezzled or fraudulently converted to her own use the amount of money as set out in the first and second counts of the indictment, and that she took from a table, in the presence of Steve Despod, $50 belonging to him, as charged in the third count of the indictment.

Defendant contended that she corresponded with Steve Despod and became engaged to marry him, and that he sent her money, without specific instructions, that she was not acting as his agent at any time, nor did she embezzle any of his funds. The jury found the defendant "guilty as charged in the indictment."

[1] It is insisted by counsel for appellant that counts 1 and 2 of the indictment were defective and insufficient, in failing to accurately describe the money or to aver that a more particular description was unknown to the grand jury, and that the trial court ex mero motu should have charged the jury that the defendant could not be convicted under either the first or second count. The indictment was in the form prescribed by the Code and was sufficient. Section 7161, Code 1907, form 49; 1 Mayfield's Digest, p. 422, § 11. An indictment charging the embezzlement of about a given number of dollars is sufficient.

Lang v. State, 97 Ala. 41, 12 South. 183; Huffman v. State, 89 Ala. 33, 8 South. 28.

[2] Defendant did not request in writing the general affirmative charge; the trial court did not err in failing to give it. Fuller v. State, 97 Ala. 27, 12 South. 392.

There was ample evidence to submit to the jury the question of the guilt or innocence of the defendant on each of the embezzlement counts.

The evidence was not sufficient to convict the defendant of larceny, as charged in the third count of the indictment, but the trial court did not err in failing to give ex mero motu the general affirmative charge for the defendant as to the third count. The defendant did not request on the trial any charge in writing.

The general verdict of guilty will be referred to the counts supported by the evidence.

There is no error in the record. The judgment of the circuit court is affirmed.

Affirmed.

### On Rehearing.

All the questions raised on application for rehearing have been fully discussed and decided in our former opinion.

Application is overruled.