### McGEE v. STATE. (8 Div. 127.)

(Court of Appeals of Alabama. Aug. 19, 1924.)

**1. Forgery ⚖➡47—Unexplained possession of false instrument, with other evidence, held sufficient to go to jury.**

In a prosecution for forgery, unexplained possession by the accused of a false instrument, taken in connection with other evidence, *held* sufficient to make the question of his guilt one for the jury.

**2. Forgery ⚖➡44(1)—Intent to injure or defraud may be inferred from evidence by jury.**

In prosecution for forgery, an intent to injure or defraud need not be proven by positive and direct evidence, but may be inferred from evidence before the jury.

**3. Criminal law ⚖➡878(2)—General verdict of guilty referred to count of indictment sustained by evidence.**

Where only one count of an indictment is sustained by evidence, a general verdict of guilty will be referred to that count.

**4. Criminal law ⚖➡881(4)—Verdict of guilty as charged in indictment, without specifying degree, held sufficient.**

Under an indictment charging forgery in the second degree, a verdict finding accused guilty as charged in the indictment, without specifying the degree, is sufficient.

**5. Criminal law ⚖➡1170½(1)—Sustaining of objections not injurious, when question answered.**

Where a witness for defendant was asked a question concerning accused's mental condition 5 years previous, objections to which were sustained, but the witness answered, accused cannot complain of injury, since the jury had full benefit of the answer.

**6. Criminal law ⚖➡1044—Failure to move to exclude answer to questions prevents review of error founded thereon.**

Where no motion was made to exclude the answer to questions, no question as to error of the trial court in overruling objections to such question is properly presented for review.

**7. Criminal law ⚖➡286—On plea of not guilty, evidence in support of plea of not guilty by reason of insanity held immaterial.**

Where the only plea was not guilty, evidence in support of a plea of not guilty by reason of insanity was immaterial.

**8. Criminal law ⚖➡753(2)—Refusal of general charge for failure to prove venue not error.**

Where the fact of failure to prove venue was not brought to attention of the trial court, as required by circuit court rule 35, refusal of the general charge, on the ground that venue was not proven, was not error.

**9. Criminal law ⚖➡1172(1) — No prejudice where part of charge objected to withdrawn and correct instruction substituted.**

In prosecution for forgery in the second degree, where the accused excepted to a part of the oral charge, and court withdrew the portion objected to and substituted a fair and correct instruction, there was no prejudice.

**10. Forgery ⚖➡35—Jury may infer intent to defraud, and that accused forged paper, from offer of false instrument in payment.**

Where there was no proof of existence of a forged check until produced by accused and offered by him in payment for real estate, the jury may infer an intent on his part to defraud, and that he forged the paper.

**11. Forgery ⚖➡35—Possessor of forged instrument, applying it to his uses, presumed to have fabricated it, or to have been privy to its fabrication.**

One found in possession of a forged instrument, and applying it to his own uses, must, in absence of explanation, be presumed to have fabricated it, or to have been privy to its fabrication.

**12. Criminal law ⚖➡814(3)—Instruction relating to attempt to commit forgery, in absence of evidence showing attempt, held abstract.**

Where the evidence, if accused was guilty, showed forgery, and not an attempt to commit forgery, an instruction that, if accused attempt-

---

⚖➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ed to commit forgery, he could not be convicted of forgery, but only of an attempt to commit forgery, was abstract.

**13. Criminal law ⊜814(3)—In absence of evidence showing attempt to commit forgery, instruction permitting verdict of guilty of attempt held abstract.**

Under evidence which, if accused was guilty, showed forgery, and not an attempt to commit forgery, an instruction that, if the jury was not satisfied that defendant was guilty as charged in the indictment, they could find him guilty of an attempt to commit forgery, was abstract.

**14. Criminal law ⊜766 — Charge submitting question of law to jury properly refused.**

In a prosecution for forgery in second degree, a charge that the jury could only consider guilt or innocence of accused of forgery in the second degree in effect submitted to the jury a question of law, and was properly refused.

**15. Criminal law ⊜734—Duty of jury to determine guilt or innocence of offense charged in the indictment.**

In prosecution for forgery in second degree, it was the duty of the jury to determine the guilt or innocence of accused of the offense charged in the indictment, and not to determine whether the facts in evidence constituted forgery in the second degree as a matter of law.

**16. Criminal law ⊜766—Requested charge as to proof of elements of offense held to refer question of law to jury.**

In a prosecution for forgery in second degree, a requested charge to acquit, if state had failed to satisfy the minds of the jury as to any element of forgery as charged in the indictment, referred a question of law to the jury, and was properly refused.

**17. Criminal law ⊜814(3)—Requested charge as to conviction of attempt to commit forgery, in absence of evidence showing attempt, held improper.**

Where evidence showed, if accused was guilty, the offense was forgery, an instruction that, if the jury was not satisfied that accused was guilty of forgery, but was guilty of an attempt to commit forgery, they could convict him of such an attempt without a special count in the indictment, was faulty, as not predicated on the evidence, and was abstract.

**18. Criminal law ⊜1184, 1208(9)—Maximum punishment prescribed in indeterminate sentence of imprisonment held erroneous, but curable without reversal.**

Under Acts 1919, p. 148, relating to indeterminate sentences on conviction of forgery in the second degree, the maximum punishment for which, under Code 1907, § 6918, was 10 years' imprisonment, a sentence for an indeterminate term of not less than 10 years and not more than 10 years and 6 months was erroneous; but the error was not sufficient to cause a reversal, but only remand for proper sentence.

Appeal from Circuit Court, Lauderdale County; Charles P. Almon, Judge.

J. W. McGee was convicted of forgery in the second degree, and he appeals. Affirmed; remanded for sentence.

These requests for instruction were refused to defendant:

"13. I charge you, gentlemen of the jury, if after considering all the evidence you are satisfied beyond a reasonable doubt that defendant attempted to commit forgery as charged in the indictment, you cannot convict him of forgery, but only of an attempt to commit forgery.

"14. I charge you, gentlemen, that if you are not satisfied from the evidence beyond a reasonable doubt that defendant is guilty as charged in the indictment, you can find him guilty of an attempt to commit forgery."

"16. I charge you, gentlemen, that under the evidence you can only consider the guilt or. innocence of the defendant of forgery in the second degree.

"17. I charge you, gentlemen, that the indictment charges forgery in the second degree. If the state has failed to satisfy your minds from the evidence beyond a reasonable doubt of any element of forgery as charged in the indictment you must acquit the defendant."

"A. I charge you, gentlemen of the jury, that if you are not satisfied beyond a reasonable doubt that defendant is guilty of forgery, but are satisfied beyond a reasonable doubt that defendant is guilty of an attempt to commit such offense you can convict defendant of attempt to commit a forgery without any special count in the indictment."

Simpson & Simpson, of Florence, for appellant.

Defendant was entitled to the affirmative charge. People v. Gordon, 13 Cal. App. 678, 110 Pac. 469; Spicer v. State, 52 Tex. 177, 105 S. W. 813; Com. v. Fagan, 2 Pa. Dist. R. 401; People v. Cotton, 250 Ill. 338, 95 N. E. 283; McGuire v. State, 37 Ala. 161; Smith v. State, 29 Fla. 408, 10 South. 894; State v. Blanchard, 74 Iowa, 628, 38 N. W. 519; Johnson v. State, 35 Ala. 370; Knight v. State, 152 Ala. 56, 44 South. 585; 26 C. J. 975. The burden was upon the state to show fraudulent intent. Dowling v. U. S., 41 App. D. C. 11; Fox v. People, 95 Ill. 71; 26 C. J. 966.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

A general verdict will be referred to the count supported by the evidence. Jurzak v. State, 19 Ala. App. 290, 97 South. 178. It is necessary that failure in proof of venue be called to the attention of the court. Circuit court rule 35. The law presumes criminal intent from intentional commission of an act in itself unlawful. 4 Michie's Ala. Dig. 45.

FOSTER, J. The defendant was indicted and convicted for forgery in the second degree. The first count of the indictment charged him with having, with intent to in-

jure or defraud, altered, forged, or counterfeited a certain check. The second count of the indictment charged him with having, with intent to injure or defraud, uttered and published as true the alleged forged, altered, or counterfeited check. The evidence for the state was directed to showing the following:

The defendant was attempting to negotiate a real estate transaction with one Mr. Ambrose and one Mr. Stewart. The price agreed to be paid by defendant for the land was $8,200. He presented a check to the parties named, dated Florence, Ala., February 1, 1923, drawn upon the First National Bank of Florence, Ala., for the sum of $12,500, with the name of F. M. Perry signed thereto as maker, and payable to W. L. Smith, or bearer, and the name of W. L. Smith was indorsed on the back thereof. Defendant took the check to Sheffield, Ala., and there told Mr. Stewart that the check was good and agreed for Mr. Stewart to carry it to the First National Bank of Florence to have it certified, and for Stewart to bring back to defendant a certified check for the difference between the amount of the Perry check and the price of the real estate purchased by defendant. The check was carried by Mr. Stewart to the bank in Florence, but it was not honored, because the signature was not genuine.

Mr. F. M. Perry, witness for the state, testified that he did not sign the check, nor authorize any one to sign it, and that he had no transaction with W. L. Smith about the time the check was dated.

The record shows a plea of not guilty, but fails to show a plea of not guilty by reason of insanity. Evidence introduced on behalf of defendant tended to show that he was insane at the time the alleged offense was committed. The state, in rebuttal, introduced evidence tending to show defendant's sanity.

The defendant did not testify in his own behalf, and there was no conflict in the evidence as to the forgery of the check. The general charge in favor of defendant was requested and refused.

[1] The fact of defendant's unexplained possession of the false instrument was strong evidence that he forged it, or caused it to be forged. This fact, taken in connection with the other evidence, was sufficient to make the defendant's guilt or innocence a question for the jury.

[2] An intent to injure or defraud need not be proven by positive and direct evidence. It may be inferred by the jury from the evidence before them. Gooden v. State, 55 Ala. 178; McDonald v. State, 83 Ala. 46, 3 South. 305.

[3] The general charge in favor of defendant was given by the court as to count 2 of the indictment, leaving only the first count for the consideration of the jury. The verdict of the jury was as follows:

"We, the jury, find the defendant, J. W. McGee, guilty as charged in the indictment."

Where there is only one count of an indictment sustained by the evidence, a general verdict of guilty will be referred to that count. Owens v. State, 104 Ala. 18, 16 South. 575; Jurzak v. State, 19 Ala. App. 290, 97 South. 178.

[4] Under an indictment charging forgery in the second degree, a verdict finding the defendant guilty as charged in the indictment, without specifying the degree of forgery, is sufficient. Anderson v. State, 65 Ala. 553.

[5] H. C. McGee, witness for defendant, was questioned concerning the mental condition of defendant, witness' father, before he (witness) went to the army about five years theretofore. Objections to such questions were sustained. However, the witness answered that he "didn't notice anything peculiar about him before he left for the army." The answer of the witness was allowed to remain in evidence. Defendant cannot complain of injury, where the jury had the full benefit of the answer elicited by the question objected to.

[6] Several exceptions were reserved to the action of the trial court in overruling objections of defendant to questions propounded by the state to various witnesses. In those instances where no motion was made to exclude the answer, no question as to error of the trial court is properly presented for review. Rector v. State, 11 Ala. App. 333, 66 South. 857; Johnson v. State, 4 Ala. App. 62, 58 South. 754.

[7] The record fails to disclose the filing of a plea of not guilty by reason of insanity, although there was evidence introduced for the purpose of proving such a plea. In the state of the record, the only plea shown being not guilty, all evidence in support of a plea of not guilty by reason of insanity was immaterial.

[8] Defendant insists that he was entitled to the general charge, for the reason that the evidence did not show that the offense was committed in Lauderdale county; that the venue was not established. Circuit court rule 35 provides:

"Whenever the general charge is requested, predicated upon the failure of the proof as to time, venue, or any other point not involving a substantial right of recovery or defense, or because of some immaterial omission in the evidence of the plaintiff or defendant, the trial court will not be put in error for refusing said charge, unless it appears upon appeal that the point upon which it was asked was brought to the attention of the trial court before the argument of the case was concluded."

It does not appear that the fact of failure to prove the venue was brought to the attention of the trial court, as required by circuit court rule 35, supra. There was no error in the refusal of the general charge on that ground.

[9] Defendant reserved exception to a por-

tion of the court's oral charge to the jury. However, the court immediately thereafter withdrew the portion of the charge objected to and substituted therefor a fair and correct instruction. No préjudice or injury to defendant could have resulted therefrom.

Defendant insists that error was committed in the refusal of certain written charges requested by defendant.

[10, 11] Charges 1 and 2, the general affirmative charge for the defendant, were properly refused. There being no proof of the existence of the forged check until it was produced by the defendant and offered by him in payment of the purchase money for real estate agreed to be purchased by him, the jury may infer an intent on his part to defraud and that he forged the paper. Allen v. State, 74 Ala. 557. One found in possession of a forged instrument and applying it to his own uses must, in the absence of explanation, be presumed to have fabricated it, or to have been privy to its fabrication. Hobbs v. State, 75 Ala. 1.

Charge 12 is covered by given charge 4 and by the oral charge of the court.

[12, 13] Charges 13 and 14 are abstract. Under the evidence, if the defendant was guilty, the offense was forgery, and not an attempt to commit forgery.

[14, 15] Charge 16 was properly refused. Its effect was to submit to the jury a question of law. It was the function of the jury to determine the guilt or innocence of the defendant of the offense charged in the indictment, and not to determine whether the facts in evidence constituted forgery in the second degree as a matter of law. Brown v. State, 142 Ala. 287, 38 South. 268; Burkett v. State, 154 Ala. 19, 45 South. 682.

[16] Charge 17 referred a question of law to the jury and was properly refused. Harvey v. State, 15 Ala. App. 311, 73 South. 200.

[17] Charge A was faulty, as not predicated upon the evidence, and was abstract.

Charge B is covered by given charge 6.

[18] The judgment entry shows that defendant was sentenced by the court to imprisonment in the penitentiary for an indeterminate term of not less than 10 years and not more than 10 years and 6 months, as a punishment for the offense. The maximum punishment for forgery in the second degree is imprisonment in the penitentiary for a term of 10 years. Section 6918, Code 1907. Section 2 of an act of the Legislature of Alabama of 1919 (Acts 1919, p. 148) provides:

"That in all cases in which the punishment fixed by the statute is imprisonment in the penitentiary, and in which a maximum and a minimum term is prescribed, the court shall pronounce upon the defendant an indeterminate sentence of imprisonment in the penitentiary for a term not less than the minimum and not greater than the maximum fixed by the statute for such offense, stating in such sentence the minimum and maximum limits thereof."

The sentence imposed was greater than the maximum fixed by the statute for such an offense, and was not authorized by law. However, the error in the sentence imposed is not sufficient to cause a reversal of the judgment. Burch v. State, 55 Ala. 136; Sanders v. State, 19 Ala. App. 367, 97 South. 294. The cause will be remanded for proper sentence.

The judgment of conviction is affirmed, and the cause is remanded for proper sentence.