(102 So. 492)

### WATSON v. STATE.   (4 Div. 954.)

(Court of Appeals of Alabama. Sept. 2, 1924. Rehearing Denied Nov. 18, 1924.)

**1. Criminal law ⬥419, 420(1)—Answer to questions as to admission of guilt by third persons unsworn held within hearsay rule and properly excluded.**

Answer to question asked state's witness as to what one indicted jointly with defendant had said concerning offense *held* properly excluded as hearsay, admissions of guilt of unsworn third persons being within rule prohibiting hearsay evidence.

**2. Criminal law ⬥1170(2)—Exclusion of evidence as to whereabouts of one jointly indicted with defendant, if error, cured by subsequent admission.**

In prosecution for burglary and larceny, error, if any, in excluding evidence as to whereabouts of one jointly indicted with defendant, though severally tried, *held* cured by subsequent admission.

**3. Witnesses ⬥270(2)—Exclusion of answers on cross-examination of state's witness held not abuse of discretion.**

In prosecution for breaking and entering store and taking trunk of pistols, exclusion of answers to question asked state's witness on cross-examination as to how many pistols there were, and as to kind of store, *held* not abuse of discretion in matter of permitting cross-examination.

**4. Criminal law ⬥1153(4)—Witnesses ⬥267—Wide latitude in cross-examination to test accuracy, recollection, and means of knowledge, and court's discretionary action, not disturbed, unless abused.**

Though wide latitude is allowed in cross-examining witnesses for purpose of testing

their accuracy, recollection, and means of knowledge, matter is largely within discretion of trial court whose action will not be held erroneous in absence of affirmative showing of abuse of discretion.

**5. Criminal law ⟿1120(3)—Defendant complaining of exclusion of answers to question should show evidence sought to be elicited.**

Defendant complaining of exclusion of answers to questions to witness should show evidence sought to be elicited.

**6. Criminal law ⟿995(1)—Recitals in judgment entry held surplusage.**

In prosecution for burglary and grand larceny, where judgment entry recited after a verdict of guilty as charged in indictment that "it is therefore ordered and adjudged by the court that defendant F—— W—— is guilty as charged in the indictment of burglary," *held* the words "of burglary" were mere surplusage.

**7. Criminal law ⟿995(4) — Judgment entry held to show valid judgment of sentence and constitute sufficient judgment of guilt.**

Judgment entry *held* to show valid judgment of sentence and constitute sufficient judgment of guilt.

**8. Criminal law ⟿878(2)—General verdict is referable to count of indictment sustained by evidence.**

Where evidence is sufficient to sustain conviction under one count of indictment but not under another, a general verdict rendered as referable to count sustained by evidence. .

Appeal from Circuit Court, Covington County; W. L. Parks, Judge.

Frank Watson was convicted of burglary and grand larceny, and he appeals. Affirmed.

Certiorari denied by Supreme Court in Ex parte Watson, 212 Ala. 330, 102 So. 494.

The judgment entry recites that:

"* * * Thereupon came a jury of good and lawful men, * * * who being duly and legally impaneled, sworn, and charged according to law, upon their oaths do say, 'We, the jury, find the defendant, Frank Watson, guilty as charged in the indictment.' It was thereupon ordered and adjudged by the court that the defendant, Frank Watson, is guilty as charged in the indictment, of burglary, and it is further ordered and adjudged by the court that the state of Alabama have and recover of the defendant the costs of this prosecution for which let execution issue. And now, on this February 22, 1924, the defendant being now in open court and being *ask* by the court if he has anything to say why the sentence of the law should not be pronounced upon him, says nothing. It is thereupon ordered and adjudged by the court, and is the judgment and sentence of the court, that the defendant, Frank Watson, alias Toog Watson, be, and he is hereby, sentenced to the penitentiary of the state of Alabama for a period of not less than 3, nor more than 4, years."

Marcus J. Fletcher and J. Morgan Prestwood, both of Andalusia, for appellant.

Counsel argue for error in the matters treated, but without citation of authorities.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

There was no error in the judgment entry. Wells v. State, 19 Ala. App. 403, 97 So. 681; Ex parte State, 202 Ala. 694, 81 So. 656. Counsel discuss other questions, but without citing additional authorities.

FOSTER, J. The defendant, Frank Watson, and one Albert Dunson, were jointly indicted for burglary and grand larceny, the indictment containing two counts, one charging burglary and one grand larceny. A severance was ordered, and a general verdict of guilty was rendered against the defendant.

The evidence for the state tended to show that the store of one Gus Bryan was broken into and a trunk of pistols taken therefrom; that on the evening before the alleged burglary the defendant was observed looking in the show window of the store at some pistols. There was evidence of a confession by defendant that he and another had broken into the store and had taken a trunk containing pistols therefrom. The evidence for the defendant consisted chiefly of a denial of any participation in the offense, and also a denial of any confession on his part.

[1] On cross-examination Gus Bryan, a witness for the state, was asked, "Did you ask Dunson anything about it?" He answered, "Yes, sir." He was then asked, "What did he say?" Objection of the state to this question was sustained, and defendant excepted. Dunson was jointly indicted with the defendant for the same offense, but was not on trial at the time, and it was not shown that the statement inquired about was made in the presence of the defendant. The question called for hearsay testimony, and the objection was properly sustained. Admissions of guilt of third persons unsworn to are within the rule prohibiting hearsay evidence. Owensby v. State, 82 Ala. 63, 2 So. 764; West v. State, 76 Ala. 98; Ott v. State, 160 Ala. 29, 49 So. 810.

[2] The whereabouts of Albert Dunson was not relevant to any issue in the case. Moreover, such evidence was afterwards brought out by the defendant and he had the full benefit thereof. Error, if any, in excluding evidence is cured by the subsequent admission thereof. Utreinor v. State, 146 Ala. 26, 41 So. 285; Kirby v. State, 151 Ala. 66, 44 So. 38; Roden v. State, 3 Ala. App. 202, 58 So. 72.

[3] Gus Bryan, a state's witness, was recalled for further cross-examination by the defendant, and, after testifying that he went before the grand jury in 1920 when the indictment was found, was asked by counsel

for defendant: (1) "Now did you tell the grand jury how many pistols there were?" also (2) "You told the grand jury the kind of store this was, did you?" To which he replied, "I did." Counsel for defendant asked the witness: (3) "Did you tell the grand jury this was a dry goods store?" The court sustained the state's objection to each of the questions numbered 1 and 3, and excluded the answer to question numbered 2, and to each ruling of the court the defendant excepted.

[4, 5] A wide latitude is allowed in the cross-examination of witnesses for the purpose of testing their accuracy, their recollection and their means of knowledge of the facts about which they testify. The extent of the cross-examination is largely in the discretion of the trial court, and on appeal the court will not be put in error if it affirmatively appears that this discretion was not abused, and that the party complaining was not injured in his substantial rights. In the instant case there was neither abuse of the discretion of the court nor injury to the substantial rights of the defendant. Furthermore, the defendant should make known to the trial court the evidence sought to be elicited by the questions, in order that the court may determine whether the evidence was relevant and competent. 7 Mayf. Dig. p. 348.

[6] The judgment entry recites after a verdict of guilty as charged in the indictment is shown, that "it was therefore ordered and adjudged by the court that the defendant, Frank Watson, is guilty as charged in the indictment, of burglary," etc. Following the judgment of conviction the entry recites a valid judgment of sentence in accordance with the verdict of the jury. The addition of the words "of burglary" in the judgment entry was mere surplusage. Davis v. State, 136 Ala. 20, 33 So. 817; Bland v. State, 75 Ala. 574.

[7] Moreover, a valid judgment of sentence is shown by the record and was a sufficient judgment of guilt. Ex parte State, Hardeman v. State, 202 Ala. 694, 81 So. 656; Wells v. State, 19 Ala. App. 403, 97 So. 681.

[8] There was sufficient evidence to submit to the jury the question of guilt vel non of the defendant. Where the evidence is sufficient to sustain a conviction under one count of the indictment, but not under another count, and a general verdict of guilt is rendered, the verdict is referable to the count sustained by the evidence.

The court did not err in the refusal of charges 1, 2, and 3, the general charge for the defendant to the indictment, and to each count of the indictment.

This opinion is substituted for the original opinion. The application for rehearing is overruled, and the judgment of the circuit court stands affirmed.