FREEMAN v. STATE.     (6 Div. 896.)

(Court of Appeals of Alabama.   Jan. 18, 1927.)

1. Criminal law ⚖1159(2)—Only where overwhelming weight of evidence shows that verdict was result of influences not properly considered can Court of Appeals weigh evidence.

Court of Appeals cannot undertake to reconcile conflicting testimony or to weigh evidence, unless great and overwhelming weight of evidence shows that the verdict was the result of influences not properly considered.

2. Criminal law ⚖878(5)—Where issue of manufacture of whisky was withdrawn, general verdict held referable to remaining charge for unlawful possession of still.

In prosecution for manufacturing whisky and for unlawful possession of a still, where court gave general charge as to manufacture of whisky, and jury returned general verdict of guilty, held, that verdict was referable to unlawful possession of still.

3. Intoxicating liquors ⚖233(1)—Evidence of presence at still of meal sack marked with defendant's name held relevant, and admission not error, in prosecution for possessing still.

In prosecution for unlawful possession of a still, evidence that there was an empty meal sack with defendant's name written on it at the still held relevant, and its admission not reversible error, where the mash or beer found at the still was made from meal and other ingredients.

4. Criminal law ⚖419, 420(10)—What another said regarding defendant's presence at still held properly excluded, in prosecution for possessing still.

In prosecution for possessing still, questions as to what another deputy said regarding defendant's presence at still held properly excluded, as calling for hearsay testimony.

5. Intoxicating liquors ⚖233(1) — That witnesses saw defendant, charged with possessing still, come to still on day before arrest, held admissible.

Testimony that witnesses were at still on day before defendant's arrest and saw defendant come to the still on that day held admissible, in prosecution for possessing still, to prove knowledge and possession of the still.

6. Criminal law ⚖398(1)—Presence at still of meal sack marked with defendant's name might be shown, in prosecution for possessing still, without production of sack.

In prosecution for unlawfully possessing a still, state might show that a meal sack marked with defendant's name was at the still, without physically producing the sack.

7. Witnesses ⚖280—Where witness testified that he did not know whereabouts of incriminative sack, questions why he did not bring it to court held properly excluded.

In prosecution for possession of a still, where witness testified that he did not know whereabouts of meal sack with defendant's name on it, found at still, further questions as to why witness did not bring sack to court were argumentative, and excluded without error.

8. Criminal law ⚖1170½(2) — Permitting question to defendant's witness whether such was day that he brought load of whisky to town held harmless, in view of negative answer.

In prosecution for unlawfully possessing a still, question on cross-examination of defendant's witness whether such was the day that witness brought a load of whisky to place held improper, in assuming commission of crime unproven and not involved, but harmless, where answer was favorable to defendant.

9. Intoxicating liquors ⚖239(5)—Instruction that jury might find defendant possessed whole still if he had unexplained possession of part held not error (Code 1923, § 4657).

In prosecution for possessing a still, instruction that jury might find that defendant had possession of a whole still, if he possessed a part of an apparatus used or suitable for use in manufacturing prohibited liquors, and such possession was unexplained, being in accordance with Code 1923, § 4657, held not error.

Appeal from Circuit Court, Cullman County; James E. Horton, Judge.

Tom Freeman was convicted of unlawfully possessing a still, and he appeals. Affirmed.

A. A. Griffith, of Cullman, for appellant.

The oral charge of the court was erroneous. Code 1923, § 9507; McIntosh v. State, 140 Ala. 137, 37 So. 223. The evidence was not sufficient to warrant a conviction and the affirmative charge as to count 2 should have been given. Hammons v. State, 18 Ala. App. 470, 92 So. 914; Clark v. State, 18 Ala. App. 217, 90 So. 16; Seigler v. State, 19 Ala. App. 135, 95 So. 563; Moon v. State, 19 Ala. App. 176, 95 So. 830.

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

The evidence was sufficient to go to the jury, and the general affirmative charge was properly refused. Lakey v. State, 20 Ala. App. 78, 101 So. 537. The general verdict of guilty was referable to the count sustained by the evidence. Watson v. State, 20 Ala. App. 372, 102 So. 492. The oral charge of the court, taken as a whole, correctly states the law as to possession. Code 1923, § 4657. Objection was properly sustained to the question asking what became of the sack and why it was not in court. Woods v. State, 18 Ala. App. 123, 90 So. 52. The question whether de-

⚖For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

fendant's witness did not bring a load of whisky to Cullman on the day about which he testified was relevant, to test witness as to his whereabouts. Baker v. State, 18 Ala. App. 48, 88 So. 370. Besides, there was no motion to exclude the answer, which will be presumed to be satisfactory to defendant. Haney v. State, 20 Ala. App. 236, 101 So. 533.

SAMFORD, J. [1] This court cannot undertake to reconcile the conflicting testimony of witnesses on the trial or to weigh the evidence, except in such cases where the great and overwhelming weight of the evidence convinces the court that the verdict was the result of influences not properly considered. In this case the evidence was in conflict and its truth or falsity was properly left to the jury. The general charge as to the second count was properly refused.

[2]. The court, at the request of defendant, gave the general charge as to the first count of the indictment charging manufacture of whisky. The jury returned a general verdict of guilty. This verdict is referable to the good count in the indictment charging the unlawful possession of a still. Watson v. State, 20 Ala. App. 372, 102 So. 492.

[3] In describing the articles found at the still, it was relevant to show that there was an empty meal sack there with the defendant's name written on it. The mash or beer found at the still was made from meal and other ingredients and the presence of an empty meal sack was a circumstance from which the jury might infer that the beer was made from the meal that had been in the sack and in conjunction with evidence of the presence at the still might have been the subject of further inference. The name on the sack was descriptive of the sack and might have become the subject of an explanatory charge from the court, but did not constitute reversible error.

[4] The questions asked the witness Calvert, as to what the other deputy (Williams) had said regarding defendant's being present at the still, all called for hearsay testimony. Objections to these questions were properly sustained.

[5] It was relevant and proper to show that the deputies were at the still on Wednesday before the arrest of defendant on Thursday, and that defendant came to the still on that day, as tending to prove the defendant's knowledge and possession of the still. Watson v. State, supra.

[6, 7] The meal sack found at the still was collateral matter which could be proven without the physical production of the sack. After the witness Williams had testified on cross-examination that he did not know where the sack was, the further questions as to why witness did not bring the sack to court were argumentative. It is not error to sustain objections to such questions.

[8] The court should have sustained the defendant's objection to the question propounded to defendant's witness Ezra Williams: "Isn't that the day you brought a load of whisky down to Cullman?" This question assumed the commission of a crime by the witness, unproven and not involved in this case. But the answer to this question was favorable to defendant and cured any possible injury that might otherwise have resulted in a reversal.

[9] The defendant takes exception to the following excerpt from the court's oral charge:

"If in this case you should be convinced beyond a reasonable doubt that the defendant had in possession a part of a still, * * * a part of an apparatus, commonly or generally used, or suitable to be used, for the purpose of manufacturing prohibited liquors, if he had in possession a part of that, and if you believe beyond a reasonable doubt that he had in possession a part, and if that possession is unexplained to you, then, gentlemen of the jury, you will be authorized from that evidence, if believed by you beyond a reasonable doubt, to find that the defendant had in possession a whole still to be used for the purpose of manufacturing prohibited liquors."

This states the law as declared in the statute (Code 1923, § 4657).

The other excerpts from the charge of the court to which exception was taken, if error, were corrected by the court to meet defendant's objection and exception. When taken and considered as a whole, the oral charge states the law of the case correctly and fairly.

We find no error in the record, and the judgment is affirmed.

Affirmed.