(128 So. 468)

## CHILES v. STATE.
### 6 Div. 695.

Court of Appeals of Alabama.

May 20, 1930.

Cora R. Thompson and Von L. Thompson, both of Birmingham, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J.

This appeal is from a judgment of conviction for the offense of burglary, as charged in the first count of the indictment.

Appellant's counsel files a purported brief in his behalf, but, as prepared, this brief is of but slight value to this court, as no authorities are cited, and in its preparation the necessary essentials provided in Supreme Court Rule 10, vol. 4, Code 1923, p. 882, as to appellant's brief, were disregarded, and the brief here filed in no manner conforms to the requirements of said rule.

On the trial in the court below, there was evidence tending to establish the corpus delicti. This evidence was without dispute. There was also evidence tending to connect this appellant with the commission of the offense.

Appellant's counsel seriously contend that there is an apparent variance in the proof offered upon the trial as to the ownership of the property and the allegation in the indictment as to such ownership. The first count of the indictment, upon which the jury rested its verdict, alleged that the building, etc., in question was the property of James E. Weldon. Upon the trial, the evidence disclosed without dispute that the said James E. Weldon was a member of the partnership in possession and doing business in said building. There is no merit in this insistence for, by express terms of the statute when any property, upon or in relation to which the offense was committed, belongs to several partners or owners, it is sufficient to allege the ownership to be in any one or more of such partners or owners. Section 4542, Code 1923. "Ownership of storehouse properly laid in any member of the partnership owning it. [Smith v. State] 133 Ala. 145, 31 So. 806 [91 Am. St. Rep. 21]." Code Ala. 1923, p. 469.

The objections and motions to exclude, made by defendant to certain portions of the testimony of state witness Weldon, as interposed, on the ground that it was hearsay. were properly overruled, and the exceptions as reserved cannot prevail. The motions to exclude were directed to the whole testimony of the witness and was not confined or limited to the portion of said testimony alleged to have been hearsay. The record shows that, where the objections and motions were properly made, the objections were sustained, and the testimony in question was excluded.

There is no merit in the insistence of appellant that evidence of the confession of the defendant was improperly allowed. A full and complete predicate was first laid, and the controlling rule of evidence was fully met.

The several special charges refused to defendant which properly stated the law were fairly and substantially covered, either by the court's oral charge or by charges given at the instance of the accused.

We discover nothing in the ruling of the court in denying the motion for a new trial to predicate reversible error upon.

It appears from the record that this appellant was accorded a fair and impartial trial and that no error prejudicial to his substantial rights occurred during its pendency.

The judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.