145 So. 167

## HICKMAN v. STATE.
### 4 Div. 879.

Court of Appeals of Alabama.
Dec. 20, 1932.

E. C. Boswell, of Geneva, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Thos. Seay Lawson, Asst. Atty. Gen., for the State.

SAMFORD, J.

■ The defendant was indicted in two counts. The first count charged grand larceny, and the second count charged embezzlement. After the evidence was closed, the court, at the request of defendant, charged out the second count, and then proceeded to instruct the jury as to the charge of grand larceny as charged in the first count. The jury returned a general verdict finding the defendant guilty as charged in the indictment. This verdict was referable to the first count, and was sufficient to sustain a judgment of conviction as to grand larceny. Gleason v. State, 6 Ala. App. 49, 60 So. 518; McGee v. State, 20 Ala. App. 221, 101 So. 321; Watson v. State, 20 Ala. App. 372, 102 So. 492.

■■ The principal question presented by this record is the action of the trial judge in refusing to give at the request of the defendant in writing the general affirmative charge as to the larceny count in the indictment. Stripped of all superfluity, the evidence for the state tends to prove that defendant applied to Mrs. Wilson to rent a car from her for one day. Mrs. Wilson refused to rent him the car involved in this prosecution, but told him he could drive it down to the "Exchange" where her boys had cars to rent. Under that agreement the defendant took Mrs. Wilson's car, did not go to the Exchange, but drove it off and converted it to his own use and fled the country. There was some other testimony tending to prove the use and disposition of the car, contrary to the agreement by which defendant obtained possession, and there was some testimony tending to prove that defendant brought the car back on the night of the day he obtained it and left it near Mrs. Wilson's house, but without the knowledge of Mrs. Wilson.

Notwithstanding the consent of Mrs. Wilson, the owner, that the defendant might take the car, if, as a matter of fact, the taking was not under the special contract, but was with the felonious intent to appropriate the car to his own use and to deprive the owner of the use thereof, the crime would be larceny. This was the question submitted to the jury, and, under all the facts in this case, we hold that the evidence furnished a fair inference of the intent at the time of the taking to justify the verdict. Fox v. State, 205 Ala. 74, 87 So. 623.

■■ Secrecy in the taking is not a necessary ingredient of larceny. Fox v. State, 17 Ala. App. 559, 87 So. 621. And we need look no further for a correct definition of larceny than that given by Mr. East in his Crown Laws: "The fraudulent taking and carrying away by any person of the mere personal goods of another, from any place, with a felonious intent to convert them to his own use, and make them his own property, without the consent of the owner." 2 East, 524; Holly v. State, 54 Ala. 238.

■ Refused charge E submits to the jury a question of law and for that reason was properly refused.

■ Authorities cited by appellant to sustain refused charge 4 do not bear out the contention. But we do find that a similar charge was held to be good in Black v. State, 83 Ala. 81, 3 So. 814, 3 Am. St. Rep. 691; McMullen v. State, 53 Ala. 531; Rountree v. State, 58 Ala. 381; Johnson v. State, 73 Ala. 523.

■ Refused charge 5 is erroneous for the reason, if for no other, that the jury is required to pass upon a legal question instead of facts as applied to the law as given them in charge by the court.

For the refusal to give charge 4 as requested, the judgment is reversed, and the cause is remanded.

Reversed and remanded.