191 So. 474

### LINDSEY v. STATE.
#### 7 Div. 455.

Court of Appeals of Alabama.
June 13, 1939.

Rehearing Denied June 30, 1939.

Motley & Motley, of Gadsden, for appellant.

Thos. S. Lawson, Atty. Gen., and Wm. N. McQueen, Asst. Atty. Gen., for the State.

SAMFORD, Judge.

The indictment was in Code form, and sufficiently charged the offense. Code 1923, § 4556, Form 27.

The building charged to have been burglarized was in the possession of R. H. Cole and his brother, who was his partner in business. The possession of the property was properly laid in R. H. Cole, and is sufficient to support a verdict upon evidence disclosing the fact that the business was operated by Cole and his brother. Spradling v. State, 17 Ala. 440; Young v. State, 100 Ala. 126, 14 So. 872; Hale v. State, 122 Ala. 85, 26 So. 236; Chiles v. State, 23 Ala.App. 532, 128 So. 468.

It is insisted by the appellant that the trial court committed error in charging the jury, orally, that if the jury should find the defendant guilty, the form of their verdict: "We, the jury, find the defendant guilty as charged in the indictment." It is also insisted by the appellant that the court committed error in refusing to give, at the request of the defendant, the following charge: "The Court charges the jury that the indictment in this case covers petit larceny as well as burglary and you should consider this fact in connection with all the evidence in the case." By these exceptions, the point is raised that the trial judge should have charged on the lesser degree of crime included in the indictment. There might have been some force in this contention, if there had been any evidence in the case to support such a finding by the jury. In the instant case, however, the evidence for the State made out a clear case of burglary. The evidence for the defendant was to the contrary. There was no evidence and no contention that the crime, if committed, was of a lower degree; and hence, the Court properly charged the jury that if the defendant was found to be guilty, he would be guilty as charged in the indictment, and the charge requested by the defendant was for the same reason properly refused.

There is no error in the record and the judgment is affirmed.

Affirmed.

## On Rehearing.

The point made on rehearing is that the Court charged the jury, "In the event you are satisfied beyond a reasonable doubt of the guilt of the defendant, the form of

your verdict will be, we, the jury, find the defendant guilty of burglary as charged in the indictment;" whereas, the verdict of the jury, as returned, was, "We, the jury, find the defendant guilty as charged in the indictment."

The indictment was in one count, charging burglary; the evidence for the State, if believed beyond a reasonable doubt, was sufficient to justify a verdict of guilty, as charged in the indictment. There was not, under the evidence, any room for a verdict of a lesser degree and, therefore, there was no error in the charge of the court that if a conviction was had, it must be for burglary, and a general verdict will be referred to the one count in the indictment charging burglary. Mc-Gee v. State, 20 Ala.App. 221, 101 So. 321; Watson v. State, 20 Ala.App. 372, 102 So. 492; Ex parte Watson, 212 Ala. 330, 102 So. 494.

The application is overruled.