36 So.2d 359

### WESSON v. STATE.

7 Div. 934.

Court of Appeals of Alabama.
April 6, 1948.

Rehearing Denied May 11, 1948.

566

C. W. Stringer, of Talladega, and Handy Ellis, of Columbiana, for appellant.

A. A. Carmichael, Atty. Gen., and Richard S. Brooks, Asst. Atty. Gen., for the State.

HARWOOD, Judge.

This appellant was indicted for murder in the first degree. His jury trial, on a plea of not guilty, resulted in a verdict of guilty of manslaughter in the first degree, and a sentence to confinement in the State penitentiary for a term of ten years. Judgment was duly entered pursuant to the jury's finding and sentence. No motion for a new trial was filed.

In the proceeding below a motion to quash the venire was made on the grounds that "it purports to call for 100 jurors, whereas it really calls for only 99; the name of W. W. Hubbard appearing on the regular venire and the name Woodrow Hubbard appearing on the special venire representing the same person, so that instead of the venire calling for 100 men as it purports to do, it represents only 99 jurors."

In connection with this motion the juror Hubbard testified he had received summonses both as a special venireman and as a regular venireman. He did not know whether there was another W. W. Hubbard or Woodrow Hubbard living in Talladega County or not.

The Sheriff of Talladega County testified that he did not know the number of jurors on the lists given him, nor whether 100 or 101 were served.

The court overruled the motion to quash the venire. Clearly no error can be attached to this ruling. Sections 46 and 67, Title 30, Code of Alabama 1940; and cases cited under said sections.

The evidence shows that the defendant and deceased and their families lived about a quarter of a mile from each other in a rural section of Talladega County. There were many disagreements, squabbles, and fights between various members of the respective families, evidence being presented by each side tending to show where the fault lay.

At any rate, late on an afternoon in August 1947 the defendant met the deceased as he was emerging from Landers' store. Evidence presented by numerous state witnesses tended to show that on this occasion the defendant, without warning, struck the deceased a blow which knocked deceased prone, and helpless, whereupon the defendant got over deceased and beat him with his fists and kicked and jumped on deceased until pushed away by Mr. Landers who had come out of his store on hearing the commotion outside. There was much cursing by the defendant during this time, and a pistol was seen to fall from his person during his attack on the deceased. The deceased was of course severely injured by the defendant's attack, and according to several witnesses his face and head were thereby rendered a bloody mass.

The deceased lived about a week after this attack. Medical testimony was to the effect that his death resulted from the injuries received as above noted.

The defense attempted to establish self-defense. The jury, apparently with full justification, attached little weight to these efforts. There was also a feeble effort on the part of the defense to establish the insanity of the defendant at the time of the attack. Since no plea of insanity was entered this testimony was immaterial. McGee v. State, 20 Ala.App. 221, 101 So. 321.

A careful reading of this record convinces us that in no instance where the court's ruling was invoked could the defendant reasonably assert that he was thereby injuriously affected. To write to these rulings would merely be repetitions of long settled legal principles. We therefore refrain from so doing in the interest of brevity.

Several charges requested by defendant in writing were refused by the court below.

All of these charges were properly so refused as either not correctly stating the law involved, or were "belief" charges, or were argumentative and invasive of the province of the jury, or were covered by one or more of the larger number of written requested charges that were given or by the very full and adequate oral charge given the jury by the court below.

The evidence presented by the state fully justifies the verdict of the jury in this case. While evidence presented by the defense tended to controvert the state's showing, this of course merely created questions of fact of which the jury was the sole judge.

Actually, if believed by the jury under the required rule, the evidence presented by the state in this case would have supported not only a verdict of guilty of manslaughter in the first degree, but any degree of homicide from murder in the first degree on down. The record as a whole tends to convincingly show that the assault made by this defendant on this unarmed and unsuspecting deceased was premeditated, malicious, and unlawful.

Affirmed.