In a two count indictment the appellant was charged with grand larceny and with buying, receiving, or concealing stolen property. The property in question was the same under both counts: a truck windshield, transmission, and engine flywheel valued at $285.00. The jury found the appellant "guilty as charged" and the trial court adjudged him guilty of both grand larceny and buying, receiving, and concealing stolen property. Sentence was fixed at two years' imprisonment.
According to the evidence presented by the prosecution the appellant, two other men, and three women removed a windshield, a transmission, and an engine fly-wheel from some old "junk" trucks located in a clay pit south of Opp, Alabama. The pit and the trucks were owned by Mixon Young, who had given no one permission or authorization to remove any part from the trucks. The appellant admitted taking two motor mounts and a windshield but claimed that a dump truck driver at the pit told them that they could have the parts off the junk trucks. The thrust of the entire defense was that the appellant thought that the trucks had been abandoned and did not have the unlawful intent to steal parts from them.
 I
Immediately after the State rested its case, defense counsel moved to dismiss the charges on the basis that the State had not made out a prima facie case on either count. This motion was denied. At the conclusion of the court's oral charge to the jury defense counsel requested the affirmative charge to each count in the indictment.
The motion to dismiss and the affirmative charge as to count two in the indictment should have been given as there is not one shred of evidence in the record that the appellant bought, received, or concealed stolen property. The State's own evidence shows beyond any doubt that the appellant actually took the truck parts charged to be stolen. Therefore he could not be guilty of buying, receiving, or concealing stolen property. "Since a thief may not receive stolen property from himself, the appellant cannot be convicted of receiving stolen property where the evidence shows that (he) actually stole the property." Davidson v. State, 360 So.2d 728, 731 (Ala.Cr.App.), cert. denied, 360 So.2d 731 (Ala. 1978).
The trial judge instructed the jury to return a verdict of "guilty as charged" if they were convinced beyond a reasonable doubt that the appellant was guilty of either grand larceny or receiving stolen property. Consequently, the failure to grant the appellant's motion to exclude or to give the requested affirmative charge as to the second count of the indictment constitutes reversible error because of the general verdict of guilty returned by the jury.
When a general verdict is returned in a case where the evidence is sufficient to support one or more counts in the indictment, but insufficient to support others, and the affirmative charge as to those unsupported counts is refused, such action by the trial court is reversible error. Jones v.State, 236 Ala. 30, 33, 182 So. 404 (1937); Hawes v. State,216 Ala. 151, 152, 112 So. 761 (1927); Stover v. State, 36 Ala. App. 696,698, 63 So.2d 386 (1953). Under such circumstances the general verdict of guilty is not referable to the count in the indictment supported by the evidence. Stover, supra. The reason for this is apparent: when the jury returns a general verdict in accordance with instructions given by the trial court and the affirmative charge has been refused as to each count, it becomes impossible to determine from the record under which count of the indictment the jury found the appellant guilty.Hawes, supra.
When an accused is charged in a two count indictment with both larceny and buying, receiving, or concealing stolen property, and the property in question is the same, the jury should be instructed to specify under which count they find the accused guilty, rather than be instructed to return the general verdict if they believe him guilty under either count. Since an accused *Page 307 
cannot be found guilty of both larceny and buying, receiving, or concealing stolen property, he is guilty, if at all, of either one offense or the other. Davidson, supra. Of course, if no evidence is presented as to one of the counts, as is the present situation, and the affirmative charge is requested as to that count, it is the duty of the trial court to give that charge. Stover, supra; Jurzak v. State, 19 Ala. App. 290, 291,97 So. 178 (1923).
The Double Jeopardy Clause of the Fifth Amendment precludes a second trial once a reviewing court has found the evidence insufficient to sustain the jury's verdict of guilty. Burks v.United States, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978). Since the State produced no evidence of buying, receiving, or concealing stolen property and the appellant was entitled to a directed verdict of acquittal on that count of the indictment. He cannot be retried for such offense.
 II
The trial court refused to give the following written instruction requested by the appellant:
 "The court charges you that you may not find the defendant guilty of grand larceny if you believe from the evidence that the defendant honestly believed that the property which he is alleged to have taken had been discarded and abandoned by its owner."
Failure to give this charge also constituted error. To be guilty of grand larceny one must have a felonious intent.Golston v. State, 57 Ala. App. 623, 330 So.2d 446 (1975). This intent is lacking and the defendant is not guilty of larceny if he has taken the property with the reasonable and actual belief that it was abandoned. Szewczyk v. State, 7 Md. App. 597,256 A.2d 713 (1969); State v. Gage, 272 Minn. 106, 136 N.W.2d 662
(1965). See also Morissette v. United States, 342 U.S. 246,72 S.Ct. 240, 96 L.Ed. 288 (1952); 52A C.J.S. Larceny § 25b (1968); 2 Wharton's Criminal Law and Procedure (Anderson ed.), § 493, p. 161.
While the court did charge the jury that larceny required the taker to have the felonious intent to deprive the owner of the property, the court did not charge that abandoned property is not the subject of larceny. Refusal of a charge which is framed so as to embrace a correct principle as applied to a particular phase of the evidence is reversible error, even though general charges are given which are based upon general principles.McKenzie v. State, 19 Ala. App. 319, 321, 97 So. 155 (1923).
Larceny is an offense against possession. Davenport v. State,53 Ala. App. 326, 299 So.2d 767, cert. denied, 293 Ala. 751,299 So.2d 771 (1974).
 "(S)ince larceny is a crime against possession, in order to sustain a conviction of larceny it must appear not only that there was a wrongful caption and asportation of goods by the defendant, with specific criminal intent, but that the property itself was the subject of larceny. Abandoned property does not so qualify. It belongs to no one, nor is it regarded as being in the possession of any one. Because there is no property right in it. . it cannot be the subject of larceny. Hence, in the present case, if the locks were abandoned, no crime was committed." Commonwealth v. Meinhart, 173 Pa. Super. 495, 98 A.2d 392 (1953) (emphasis added).
Here there was evidence by virtue of the appellant's testimony, other testimony, the dilapidated condition of the property taken and its location which tended to show that the trucks may have been abandoned. Such forms of evidence have been held competent to show abandonment. Meinhart, supra; Jordan v.State, 106 Tex.Crim. 414, 296 S.W. 585 (1927). Therefore the requested charge should have been given.
 III
If the appellant is retried on the larceny count we note that the statements of the truck drivers, as reported by the appellant's daughter and daughter-in-law to the effect that the trucks were abandoned and that the appellant could remove parts *Page 308 
from the junk trucks, are admissible and not in violation of the Hearsay Rule.
The hearsay rule forbids merely the use of an extrajudicial utterance as an assertion to evidence the fact asserted.
 "Wherever an utterance is offered to evidence the state of mind which ensued in another person in consequence of the utterance, it is obvious that not assertive or testimonial use is sought to be made of it, and the utterance is therefore admissible, so far as the hearsay rule is concerned." 6 J. Wigmore, Evidence, § 1789 (Chadbourn Revision 1976).
The controlling rule is also stated in C. Gamble, McElroy'sAlabama Evidence § 273.02 (3rd ed. 1977).
 "If it is material to prove that a person at a specified time had been put on notice about a matter, or entertained a specified belief, acted in good or bad faith, had a specified motive to do or not to do an act or to do an act with a specified motive, or was mentally deranged, proof that a statement was made to him prior to the time in question which was reasonably calculated to create, and which is offered for the purpose of showing, notice, belief, good or bad faith, motive or mental derangement is not violative of the Hearsay Rule."
For the reasons stated this judgment is reversed and the cause is rendered as to the count in the indictment charging the appellant with buying, receiving, or concealing stolen property and reversed and remanded as to the count charging larceny.
REVERSED AND REMANDED AS TO COUNT 1; REVERSED AND RENDERED AS TO COUNT 2.
All Judges concur.