Second degree burglary, grand larceny and buying, receiving and concealing stolen property; sentence: ten years imprisonment.
Around 7:30 a.m. on November 3, 1976, Mrs. Doris Hardy locked her mobile home and departed for work. She returned around 5:00 p.m. and found that her residence had been burglarized. A collection of valuables were missing which included: silver ingots valued at $30 each, old coins and currency valued at $1,800, jewelry and watches valued at $5,000, and a handmade pillowcase valued at $10.
Between 10:00 and 11:00 a.m. that same day, the appellant accompanied by one Kenneth Hallman and an unidentified companion came to the mobile home of Jimmy Wilson who dealt in stolen merchandise. *Page 1223 
They asked Amy Atchison, Wilson's co-habiting girl friend, if they could speak with Wilson. Appellant was carrying the pillowcase which he emptied onto a bed revealing the items stolen from the Hardy residence. Wilson informed the appellant and Hallman that he did not want the jewelry and advised them to get rid of it. They departed, leaving the coins with Wilson. Wilson then gave Amy Atchison the pillowcase and told her to get rid of it. She hid it and, after moving out of Wilson's residence about a week later, she returned the pillowcase to Mrs. Hardy and informed on the others.
Shortly after the appellant and his companions had left Wilson's mobile home, Wilson had Atchison call one A.L. Kropp, who later came by around 7:00 p.m. and appraised the stolen goods for Wilson. The appellant and Hallman returned a short time later without their previous companion, and Kropp began negotiating with them for the purchase of the valuables. After haggling over a price for a while, Kropp paid them $300 for the stolen goods, and the two departed. Wilson immediately reimbursed Kropp the $300 for the purchase, and Kropp then departed and Wilson kept the goods. At Wilson's direction, Amy Atchison put the stolen goods in a paper bag and delivered them to Wilson's mother. Amy testified that she followed Wilson's orders only because she was afraid of him.
 I
The appellant contends that both Amy Atchison and A.L. Kropp were accomplices of the appellant and, therefore, their uncorroborated testimony was insufficient to support the conviction pursuant to Title 15, § 307, Code of Ala. 1940 (now § 12-21-222, Code of Ala. 1975).
Specifically, the appellant contends that the trial judge erred in charging the jury that as a matter of law Amy Atchison was not an accomplice. He further contends that his written requested charge concerning the necessity for corroborating the testimony of an accomplice was erroneously refused by the trial judge.
The Supreme Court of Alabama in Ex parte State (re: SamuelYarber v. State), Ala., ___ So.2d ___ [Ms. July 14, 1978, SC 2622], held that in cases where the issue of whether or not a witness is an accomplice is a disputed fact, the issue must be presented to the jury. However, we find that Yarber does not apply in the instant situation. It is clear from the evidence that neither Atchison nor Kropp was implicated in the burglary or the larceny. The only claim as to their complicity would relate only to the charge of buying, receiving or concealing stolen property (referred to by the trial judge and in the judgment entry only as "receiving and concealing stolen property").
The trial court was correct in ruling as a matter of law that Amy Atchison was not an accomplice. The same is true of Kropp. It is the appellant's initial reception or concealment of stolen goods which is the subject of the instant charge, not his subsequent transfer or sale of the goods to Kropp or Wilson. Thus, neither Kropp nor Amy Atchison was an accomplice in the original acquisition of the stolen property by the appellant. The purchase of the stolen property by Kropp (for Wilson) and Amy Atchison's concealment thereof were separate and distinct from the appellant's initial reception of the goods which was "chronologically anterior" to Kropp's purchase. This case is controlled by Kyles v. State, Ala.Cr.App.,358 So.2d 797, cert. denied, Ala., 358 So.2d 799 (1978), andPatterson v. State, 45 Ala. App. 229, 228 So.2d 843 (1969). Since neither Kropp nor Atchison was subject to joint indictment with the appellant on the instant charge, they were legally prevented from being accomplices for the purpose of the corroboration statute and, therefore, the written requested charge concerning corroboration of an accomplice's testimony was properly refused. Kyles, supra.
 II
The appellant was charged with three distinct crimes set out in three separate counts in the indictment. The trial court charged the jury that, if they were convinced beyond a reasonable doubt and to a *Page 1224 
moral certainty that the appellant was guilty of all three offenses, they should return the following verdict: "We the jury find the defendant guilty as charged in the indictment." The jury returned such a verdict. However, in formally pronouncing sentence, the court stated:
 "Having nothing further to say, it is the judgment of the Court that you are guilty of grand larceny as charged in the indictment and the Court fixes your punishment at imprisonment in the penitentiary of Alabama for a period of ten years. . . ." (Emphasis supplied.)
On the other hand, the judgment entry recites:
 ". . . It is, therefore, considered by the Court and it is the order and judgment of the Court that the defendant, JOHNNY JONES, is guilty of BURGLARY IN SECOND DEGREE, GRAND LARCENY AND RECEIVING AND CONCEALING STOLEN PROPERTY as charged in the indictment."
It is well settled that recitals in the judgment entry import absolute verity unless contradicted by other portions of therecord. Twyman v. State, 293 Ala. 75, 300 So.2d 124 (1974). Here, the court reporter's transcript conclusively shows that the trial judge pronounced the appellant guilty of only grand larceny.
The unexplained possession of recently stolen goods will support an inference of burglary and of larceny if there is also proof of breaking and entering and theft of the goods so connected in time as to permit the further inference that the larceny was the product of the breaking and entering. Goode v.State, Ala.Cr.App., 337 So.2d 1364 (1976); Stokes v. State,54 Ala. App. 112, 305 So.2d 387 (1974). The inference which may be drawn from such possession is one of fact which must be submitted to the jury. In the instant case, there was direct evidence supporting a charge for buying, receiving or concealing stolen goods. The appellant could likewise have been convicted on the burglary and grand larceny charges by inference. A general verdict of guilty on a multiple count indictment is valid where the evidence would sustain a verdict of guilty under each count and the sentence imposed is no greater than could have been imposed on any one of the counts.Mayes v. State, 56 Ala. App. 456, 322 So.2d 746 (1975).
The verdict of the jury was proper; however, the case must be remanded to the circuit court for proper sentencing. The sentence pronounced in the presence of the appellant is different from that recited in the judgment entry. In addition, an accused may not be found guilty of both larceny and buying, receiving or concealing the same stolen property. Nicholson v.State, Ala.Cr.App., 369 So.2d 304 [1979]. "Since a thief may not receive stolen property from himself, the appellant cannot be convicted of receiving stolen property where the evidence shows that (he) actually stole the property." Davidson v.State, Ala.Cr.App., 360 So.2d 728, cert. denied, Ala.,360 So.2d 731 (1978).
The trial court is directed to resentence the appellant in conformity with the authorities herein cited and to correct the judgment entry to reflect the sentence pronounced.
CONVICTION AFFIRMED; REMANDED FOR PROPER SENTENCING.
All the Judges concur.
 ON REHEARING
In his application for rehearing, the appellant contends that the trial judge may not decide which one of the charges (larceny or buying, receiving, etc.) to which the jury verdict refers since under Davidson and Nicholson, supra, the appellant may be found guilty of only one such charge. He contends that since the jury rendered a general verdict of guilty to a three count indictment that the trial judge may not substitute his judgment for that of the jury in determining on which of the two charges in question he should enter judgment. Thus, the appellant contends that since he requested the general affirmative charge and since the general verdict cannot be *Page 1225 
referred to each count of the indictment, a reversal is mandated. We do not agree.
The general verdict of guilty is supported by the evidence as to each count of the indictment. As stated in the original opinion, the evidence would directly support a conviction for buying, receiving, etc., and by inference support a conviction on the burglary and larceny counts. The Davidson-Nicholson
proposition set out in our original opinion is correct in that "an accused may not be found guilty of both larceny and buying, receiving or concealing the same stolen property." However, we should have gone further to add "provided the issue is properly and timely raised in the trial court."
Requests for the affirmative charge on each specific count of the indictment is one method of raising the issue. Nicholson, supra. However, in the instant case, the appellant requested a general affirmative charge to the indictment as a whole. If the evidence tended to support any count in the indictment, then the trial court could not have properly granted an affirmative charge to the entire indictment.
The trial court charged the jury that the appellant could be found guilty on all three offenses by returning a general verdict of "guilty as charged in the indictment." The appellant made no exception to that portion of the trial court's oral charge.
No reversible error resulted from the general verdict in this case. Where one or more counts of a multi-count indictment are sustained by the evidence, a general verdict of guilty will be referred to the good counts. Watson v. State, 20 Ala. App. 372,102 So. 492 (1925), cert. denied, 212 Ala. 330, 102 So. 494;McGee v. State, 20 Ala. App. 221, 101 So. 321 (1924). Where affirmative charges are requested as to each count in an indictment, then a general verdict of guilty is not referred to only the good count or counts, and the denial of the specific affirmative charge as to the bad count would amount to reversible error. Jones v. State, 236 Ala. 30, 182 So. 404
(1938); Brickley v. State, 286 Ala. 546, 243 So.2d 502 (1970). Such was not the case here.
The appellant failed to state the Davidson-Nicholson issue in any manner in the trial court. Not only did he fail to request the affirmative charge as to each specific count of the indictment, he also failed to except to the trial court's charge to the jury concerning the form of their verdict. But, most importantly, neither did the appellant move the trial court to require the State to elect as to which of the two counts in question it would seek conviction. Deason v. State, Ala., 363 So.2d 1001 (1978).
Lest the reference to Nicholson and Davidson in our original opinion lead to confusion, we extend our opinion on rehearing to state that unless that issue is properly and timely brought to the attention of the trial court, it may not be raised for the first time on appeal. The trial court is therefore not required in this case to elect between counts in pronouncing sentence on the general verdict of the jury. The trial court is directed, as set out in our original opinion, to resentence appellant and to correct the judgment entry. The sentence and judgment entry should conform with each other and with the verdict of the jury.
OPINION EXTENDED; APPLICATION OVERRULED.
All the Judges concur.