RAYMOND WALTER SZEWCZYK *v.* STATE OF MARYLAND

[No. 445, September Term, 1968.]

*Decided September 9, 1969.*

598

The cause was argued before MURPHY, C.J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Robert P. Conrad, Jr.,* with whom was *John W. Pfeifer* on the brief, for appellant.

*Thomas M. Downs, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Julian B. Stevens, Jr., State's Attorney for Anne Arundel County,* and *Raymond G. Thieme, Jr., Assistant State's Attorney for Anne Arundel County,* on the brief, for appellee.

MORTON, J., delivered the opinion of the Court.

Appellant was convicted of larceny in the Circuit Court for Anne Arundel County in a non-jury trial and sentenced to two years under the jurisdiction of the Department of Correction. The sentence was suspended and the appellant placed on probation.

He initially contends that there was insufficient evidence to prove that the corporation named in the indictment—Food Fair, Incorporated, trading as Pantry Pride Supermarket—had a corporate existence or that it owned the allegedly stolen goods. We deem this contention to be without merit. While it is true that corporate existence must be proven when ownership of the stolen goods is alleged to be in a corporation, *Sippio v. State,* 227 Md. 449; *Paesch v. State,* 2 Md. App. 746, the proof need not be formal. *Stackhouse v. State,* 1 Md. App. 399, 404. In this case, the store manager, Steven Wojcik, testified that he was employed by "Food Fair, Incorporated, operating as Pantry Pride;" that he knew Food Fair to be a corporation; and that he was paid by checks upon which the name Food Fair Stores, Incorporated, appeared. This testimony was sufficient to establish corporate existence. *Stackhouse v. State, supra.* As to proof that the allegedly stolen goods—120 cartons of cigarettes—were owned by the corporation, the store manager testified that from the numbers on the boxes he knew that the cigarettes in question were owned by "Food Fair Stores, Incorporated." This testimony was sufficient to establish ownership in the corporation. *Anthony v. State,* 3 Md. App. 129, 135.

Appellant also contends that there was insufficient evi-

dence to prove that he had the requisite guilty intent to steal the property of another since he acted under the reasonable belief that the cigarettes had been abandoned.

Officer Gerald Tippett testified that on February 10, 1968, he was assigned to continue a surveillance initiated earlier that day by a fellow officer of a large trash container, known as a dumpster, located in the rear of a Pantry Pride food store. After a short period of time, he observed a man, whom he identified in court as the appellant, park his car next to the dumpster, alight therefrom, and peer through a side door of the dumpster. Appellant then transferred three boxes, one by one, from the dumpster to the car. The removal of the boxes took about forty-five seconds. Officer Tippett, who was in plain clothes and an unmarked police car, further testified that after the appellant removed the boxes, "he looked at me, kind of stared at me * * *," got into his car and drove off. The officer followed the appellant a short distance and then arrested him.

Photographs taken of the three boxes found in the appellant's car and admitted into evidence showed a large cardboard container with Pall Mall written on it containing cartons of Pall Mall cigarettes, with the top of the container slightly soiled; another box with Pall Mall written thereon contained cartons of Pall Mall and Salem cigarettes; and the third container had Viceroy written on its side and contained cartons of various brands. The photographs strikingly demonstrated that the cartons of cigarettes were not simply thrown into the boxes haphazardly as trash is normally stowed. They showed that the cartons were deliberately arranged in the boxes in an orderly, neat and tidy manner. Earlier State testimony disclosed that these boxes were put in the dumpster without permission by a Pantry Pride employee.

A rebuttal witness for the State, Corporal Walter T. Gray of the Anne Arundel County Police Department, testified that on the day in question he received a call for assistance from Officer Tippett who was apprehend-

ing the appellant. Upon arrival, he noticed that a cover, apparently used by the appellant as a seat cover when his dog was in the car, "was pulled back over these cartons on the floor * * *."

Considering all of the inferences that could properly be drawn from the evidence presented, we cannot say that there was insufficient evidence to establish the intent to steal the property of another. It is true that the "defendant is not guilty of larceny if he has taken possession of the property with the reasonable and actual belief that it had been abandoned," 2 *Wharton's Criminal Law and Procedure,* (Anderson Ed.), § 493, p. 161, since such a belief negates the requisite intent to steal, *State v. Gage,* 136 N.W.2d 662, 665 (Minn.); see also, *Morissette v. United States,* 342 U. S. 246, 273-276; *Commonwealth v. Meinhart,* 98 A. 2d 392 (Pa.). Whether the appellant possessed such a reasonable belief and consequently lacked the necessary intent to steal is a question of fact for the trier of facts to determine. Since intent to steal is subjective, it need not be directly and objectively demonstrated but may be inferred from a totality of the circumstances. *Johnson v. State,* 5 Md. App. 540, 545; *Moore v. State,* 3 Md. App. 676, 679.

Here the trial judge could have found that, although the three boxes containing cartons of cigarettes were found in a trash dumpster, the appellant did not have a reasonable belief that they were abandoned, or as stated by the trial judge: "That there was enough to put a reasonable man on inquiry as to whether or not he was entitled to assume that these cigarettes were valueless insofar as the Pantry Pride store was concerned." The fact that such a large quantity of cigarettes in cartons were found in the dumpster; that they were packed in containers normally used for packaging cigarettes; and that they were neatly packed within these containers were all circumstances sufficient to lead a reasonable man to believe that the cigarettes had not been abandoned and that some inquiry should be made. Furthermore, there was evidence

from which the lower court could have found that the appellant attempted to conceal the boxes of cigarettes once he had placed them in his car.

We have said on a number of occasions that it is not the function of this Court to weigh the evidence or assess the credibility of witnesses. *Presley v. State,* 6 Md. App. 419; *Felder v. State,* 6 Md. App. 212. Nor can we reverse the judgment of the lower court on the evidence simply because on the record before us we might have reached a different conclusion. It is for the trial court, not this Court, to be convinced beyond a reasonable doubt of guilt. *Nichols v. State,* 5 Md. App. 340, 352; *Anderson v. State,* 3 Md. App. 85.

The scope of our review in assessing the legal sufficiency of the evidence in a non-jury case is governed by Md. Rule 1086 which plainly commands that this Court cannot reverse the judgment of the lower court on the evidence unless we find the judgment to be clearly erroneous. On the basis of the facts, and the reasonable inferences therefrom, set forth in the record before us, and giving due regard to the opportunity of the trial judge to observe the demeanor and conduct of the witnesses, we cannot say that his judgment was clearly erroneous.

*Judgment affirmed.*