**UNITED STATES of America**
v.
**Robert A. RICKS, Appellant.**
No. 72–1363.

United States Court of Appeals,
District of Columbia Circuit.
March 19, 1973.
As Amended March 19, 1973.

---

---

Joseph D. Gelb, Washington, D. C. (appointed by this court), was on the brief for appellant.

Harold H. Titus, Jr., U. S. Atty., John A. Terry, Brian W. Shaughnessy, and Paul L. Friedman, Asst. U. S. Attys., were on the brief for appellee.

Before BAZELON, Chief Judge, and WRIGHT and MacKINNON, Circuit Judges.

PER CURIAM:

Prior to the jury verdict in this criminal case one of the jurors was excused because of the death of her father and the trial, with the approval of the defendant and his counsel, proceeded to verdict. The alternate jurors had already been dismissed.

■ Actually, the defendant and his counsel stipulated *in open court* to the continuance of the trial with the remaining 11 jurors. When the situation arose the following took place:

THE COURT: What is your recommendation?

MR. SHAUGHNESSY [the prosecutor]: Well, my suggestion is that we go forward with the rest. However, that must be favorable to the defendant.

MR. MATONIS [defense counsel]: Let me discuss that with the defendant.

My client has arrived at the decision that we should go ahead with the other 11 jurors.

THE COURT: Very well. You understand that, Mr. Ricks, and you are willing to go forward with the jurors?

THE DEFENDANT: Yes.

(Jury entered the courtroom) 10:16 a. m.

THE COURT: Ladies and Gentlemen, I am sorry about the delay, but it takes time to get all of the parties together. I do not know if you have been informed, but Juror No. 10, Mrs. Edna Davis, had a death in her family. Her father died, and for that reason she is obviously not here this morning. It has been agreed by both sides that you will go forward in your deliberations with 11. The same instructions remain in effect. Your verdict must be unanimous. You will at this time resume your deliberations.

(Jury out at 10:18 a. m.)

(At 10:57 a. m. the jury entered the courtroom with the verdict of guilty as to counts one, three and four.)

(The jury was polled and all concurred in the verdict.) (Copeland Tr. 2–3.)

Government br., p. 4.

Fed.R.Crim.P. 23(b) provides:

(b) *Jury of Less Than Twelve.* Juries shall be of 12 but at any time be-

fore verdict the parties may stipulate in writing with the approval of the court that the jury shall consist of any number less than 12.

The difficulty arises because the stipulation was not in writing. However, we see no resulting prejudice to defendant of which he can complain. He entered into the stipulation freely and voluntarily, after consulting his counsel. The stipulation of all the required parties, the Government, the defendant (his counsel) and the court, was entered into *in open court,* and appears on the trial record prepared by the reporter. If anything, an oral stipulation entered into, under such circumstances, carries more inherent protection of the defendant's basic rights than a written stipulation executed by the defendant out of court and out of the presence of the judge, where no record is made of the arguments or circumstances which were advanced to bring it about. The formal requirement of a writing in Rule 23(b) is procedural only and not a constitutional requirement.

██ Verdicts by 11 jurors are valid where, as here, there is an intelligent, knowing and express waiver by the defendant in open court, with the consent of both counsel and with the approval of the trial judge. Williams v. United States, 332 F.2d 36, 39 (7th Cir. 1964), cert. denied, 379 U.S. 976, 85 S.Ct. 672, 13 L.Ed.2d 566 (1965); Rogers v. United States, 319 F.2d 5 (7th Cir. 1963), cert. denied, 375 U.S. 989, 84 S.Ct. 524, 11 L. Ed.2d 525 (1964); and Horne v. United States, 264 F.2d 40 (5th Cir.), cert. denied, 360 U.S. 934, 79 S.Ct. 1460, 3 L.Ed.2d 1549 (1959) all involved a stipulation at the start of trial to waive up to two jurors if necessary. In *Williams,* there appears to have been no subsequent stipulation when the jury was reduced to 11 although the defendant was held to have consented since he was present at a prior oral stipulation even though he did not affirmatively acquiesce. *Rogers* involved an express oral stipulation in the record by the defendant. In *Horne* the attorneys for the parties entered into a subsequent stipulation when the vacancy occurred, and, while the defendant did not affirmatively acquiesce, he was held to be bound by the waiver because he was aware of the colloquy between the court and the attorneys and voiced no protest. Cf. United States v. McCurdy, 450 F.2d 282 (9th Cir. 1971) (waiver of a jury trial). United States v. Guerrero-Peralta, 446 F.2d 876 (9th Cir. 1971) held that it was necessary to personally address the defendant to secure his proper acquiescence to the waiver of a juror where the stipulation was entered into in open court and this was done here. The general principles applicable to waiver of a juror during trial are set forth in Patton v. United States, 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854 (1930).

██ Appellant also contends that it was an abuse of discretion for the trial court to refuse to permit an investigator (Christensen) for defendant to refer to his notes in order to refresh his recollection so he could establish that it was physically impossible for him to be present at the scene of the crime. Appellant attempted to establish that he was at "Noone's" 1.2 miles away from the Quality Carry-Out, the scene of the crime. Courts should be free in allowing expert witnesses to refresh their recollection from notes, records, sketches and the like. To do so makes for complete testimony as it goes in and does not leave loose tag ends to be filled in later in the trial when their relevance and meaning may not be as obvious. However, we do not see that appellant here was in any way prejudiced by the court's ruling. The addresses of Noone's and the Quality Carry-Out, and their locations with respect to each other, were established through other witnesses and by a plat of the area. There was also other evidence that the distance between the two places was in fact 1.2 miles (Tr. 84–85). Appellant thus did not suffer any prejudice.

Affirmed.