CLARENCE EARL WILLIAMS ALIAS ALLEN BERNARD COOPER ALIAS LAWRENCE EARL WILLIAMS *v.* STATE OF MARYLAND

[No. 975, September Term, 1973.]

*Decided September 23, 1974.*

The cause was submitted on briefs to MORTON, THOMPSON and POWERS, JJ.

Submitted by *William R. Leckemby, Jr., Assigned Public Defender*, for appellant.

Submitted by *Francis B. Burch, Attorney General, James G. Klair, Assistant Attorney General, Robert S. Rothenhoefer, State's Attorney for Frederick County*, and *Frederick J. Bower, Deputy State's Attorney for Frederick County*, for appellee.

THOMPSON, J., delivered the opinion of the Court.

Clarence Earl Williams, appellant, was convicted of larceny by the Circuit Court for Frederick County, Judge Samuel W. Barrick presiding with a jury.

### I Jury Composed of 11 Members

The record shows the trial had been postponed twice: once because appellant did not have counsel and a second time because appellant was two hours late. After the panel of veniremen was exhausted, there remained only eleven jurors who had been accepted for the trial panel. The following verbal interchange transpired:

"The Court: It looks like we are going to have to summon talismen, unless you agree to go with 11.

Mr. Grant: I asked him about that, because I foresaw that might happen. (Confers with client) He said no, he wants all 12.

The Court: We will have to recess and get some more talismen. Ask him again. You might tell him this case is going to be tried today if we stay till 12 o'clock at night. Even if we go over the weekend it will be tried. Ask him what he wants to do.

(Mr. Grant confers with both defendants)

Mr. Grant: May we approach the Bench?

(The following occurred at the Bench out of the hearing of the prospective jurors)

Mr. Grant: Both defendants have agreed, but I think it should be part of the record with them saying themselves they will be agreeable to be tried by 11 people.

The Court: All right, I certainly will put it on the record, or if you want, if you have any questions you think ought to be asked feel free to do so.

Sheila Yvonne Butler [co-defendant] and Clarence Earl Williams, obviously you can tell that we only have 11 jurors at this point, and we can send out and get talesmen and bring them in to get a full panel of 12, but if you prefer, as your attorney has indicated, to go with these 11 as your jury, you may do that, but this would be in the nature of waiving 12 jurors and be tried by 11. What is your desire in this respect?

Mr. Grant: Mr. Williams, I have advised you previously just as the Court has, you have a right to be tried by 12 jurors; is that correct?

Mr. Williams: Yes, sir.

Mr. Grant: Miss Butler, I have advised you of that?

Miss Butler: Yes.

Mr. Grant: I have also advised you as the Court has advised you that you may waive that right and agree to be tried by 11 persons. Is it your desire that you be tried by these 11 persons, or that the Court send out for other jurors?

Miss Butler: I will be tried by 11.

Mr. Grant: Mr. Williams?

Mr. Williams: Tried by 11.

Mr. Grant: Speak up so the Court can hear you.

Mr. Williams: Tried by 11.

The Court: You freely waive your right to a full panel of 12 and elect to be tried by these 11 jurors, is that correct, Mr. Williams?

Mr. Williams: Correct.

The Court: Is that right, Miss Butler?

Miss Butler: Yes.

The Court: Okay. All right, Mr. State.

(Opening statement was then made by Mr. Bower)"

Appellant first contends he was coerced by the trial judge into waiving his right to a twelve man jury. We do not see it quite that way. The trial judge's remarks must be viewed in the context of the previous delays in the trial. In this posture, the remarks were simply a statement by the trial judge that further delays could not be tolerated.

Appellant further argues that the Md. Rule 743 [1] requires a written stipulation if a criminal case is to be tried with less than 12 jurors.

The Maryland Court of Appeals has frequently stated that its procedural rules are "precise rubrics" which must be followed. *Isen v. Phoenix Assurance Co.*, 259 Md. 564, 570, 270 A. 2d 476 (1970); *Brown v. Fraley*, 222 Md. 480, 483, 161 A. 2d 128 (1960). This particular portion of the rule, however, has not been construed in Maryland so we look for guidance to cases decided by other courts construing a similar rule.

Rule 23 (b) [2] of the Federal Rules of Criminal Procedure is,

---

1. *"Rule 743. Jurors — Number.* A jury shall consist of twelve persons but at any time before verdict the parties may stipulate in writing with the approval of the court that the jury shall consist of any number less than twelve."

2. "Rule 23 (b) *Jury of Less Than Twelve.* Juries shall be of 12 but at any time before verdict the parties may stipulate in writing with the approval of the court that the jury shall consist of any number less than 12." *See* 3 L. Orfield, *Criminal Procedure Under the Federal Rules* § 23:46 (1966).

in pertinent part, substantially identical to the Maryland Rule; thus decisions construing that rule are particularly helpful. The federal courts, since *Horne v. United States*, 264 F. 2d 40, 43-44 (5th Cir. 1959), *cert. denied*, 360 U. S. 934, have uniformly held that a personal stipulation by an accused in open court and which was taken down by a court reporter was the equivalent to a stipulation in writing. *United States v. Lane*, 479 F. 2d 1134, 1136 (6th Cir. 1973), *cert. denied*, 414 U. S. 861; *United States v. Ricks*, 475 F. 2d 1326, 1328 (D.C. Cir. 1973); *United States v. McCurdy*, 450 F. 2d 282, 283 (9th Cir. 1971); *Rogers v. United States*, 319 F. 2d 5, 7 (7th Cir. 1963), *cert. denied*, 375 U. S. 989; and *Bayless v. United States*, 381 F. 2d 67, 75 (9th Cir. 1967).

In one case, *United States v. Ricks*, *supra* at 1328, the Court reasoned:

> "If anything, an oral stipulation entered into, under such circumstances, carries more inherent protection of the defendant's basic rights than a written stipulation executed by the defendant out of court and out of the presence of the judge, where no record is made of the arguments or circumstances which were advanced to bring it about."

The decisions do make clear that the oral stipulation must be made by the accused personally and not simply by counsel. *United States v. Guerrero-Peralta*, 446 F. 2d 876, 877 (9th Cir. 1971). *See also Gallo v. Commonwealth*, 343 Mass. 397, 179 N.E.2d 231, 234 (1961), containing contrary dicta. We have no such problem in the instant case, despite appellant's argument to the contrary, because the colloquy quoted above shows most vividly the appellant's personal agreement.

State cases directly in point are minimal. *See* Annot., 93 A.L.R.2d 410 (1964). Those which are available, however,

follow the federal decisions. *State v. Paolino*, 110 N. J. Super. 284, 265 A. 2d 398 (1970), *cert. denied*, 57 N. J. 127, 270 A. 2d 30; *State v. Ciniglio*, 57 N. J. Super. 399, 154 A. 2d 845, 848 (1959), *cert. denied*, 31 N. J. 295, 157 A. 2d 364.

We are particularly impressed by the reasoning of *United States v. Ricks, supra,* and we hold the stipulation presently at bar fully complied with the intent of Md. Rule 743.

## II The Sufficiency of the Evidence

Cloverleaf Shell Station located near Frederick, Maryland was the victim of a theft of approximately $1,005 between 10:30 a.m. and 11:30 a.m. Sunday, August 2, 1970.[3] In addition to the cash that was taken, receipts for credit card sales in the amount of approximately $400 were also taken. Thomas Miss, manager of the station, testified that he and another employee, Donald G. Schley, were on duty at the time; there were two days' receipts at the station which were kept in an ordinary metal file cabinet upon which the cash register was located. The file cabinet contained a key lock with nothing to show that it was a place where money would usually be kept. He stated that he left the station at about 10:30 in the morning after having seen the money in the cabinet at approximately 10:00 a.m. when he got change for the cash register. When he returned in approximately 20 minutes he noticed the cabinet door had been pried open and the money was missing. The cash register had not been disturbed. He stated that there were two keys to the file cabinet and that he was in possession of both of them at the time. He further testified the credit card receipts were recovered two days later at a point one and one-half miles from the station along the side of the road leading to Buckeystown.

Donald G. Schley testified that, while Mr. Miss was gone, a gold colored Cadillac came into the station, operated by the

---

3. Appellant was granted a belated appeal in proceedings under the Uniform Post Conviction Act by Judge Robert E. Clapp, Jr. While it appears an appeal was timely filed, the record was never transmitted perhaps because the appellant escaped from the Frederick County jail and was not apprehended for several months.

appellant Williams and containing a female passenger identified as Miss Butler. The passenger ordered $1 worth of gas and asked him to check everything up front. While he was checking under the hood, the appellant went into the gas station and was observed by Mr. Schley standing in front of the map rack which was located 6 to 8 feet from the cash register and the metal file cabinet. He was there approximately five minutes. When Schley went into the station to put the $1 in the cash register he did not notice anything unusual about the file cabinet. He stated that the appellant was the only person other than himself to enter the office during the time Mr. Miss was away from the station.

At approximately 11:00 a.m. Trooper Henry W. Pilsch, Jr. of the Maryland State Police was advised by radio of the larceny and received a description of the automobile and the suspects. At approximately 12:20 p.m. he observed the vehicle and stopped it at the Thurmont city limits. He searched the appellant and found currency in the sum of $825 consisting of twenty-six $20.00 bills, twenty $10.00 bills and twenty-one $5.00 bills. In addition, Miss Butler was also searched and in her purse was found $252 in the following denominations: one hundred and two $1.00 bills, five $20.00 bills, three $10.00 bills and four $5.00 bills. Miss Butler also had a wallet containing $36 in currency.

Trooper James R. Frey testified that he searched the interior of the automobile and found three screwdrivers which were introduced into evidence without objection, apparently because the search was with consent.

Sgt. Newcomer of the Maryland State Police went to the service station on August 4th, made a detailed examination of the file door and took a demiplastic cast of tool markings he observed at that time. The cast and the screwdrivers were sent to the State Police Laboratory in Pikesville. Sgt. Coonradt was qualified at trial as an expert examiner of tool marks; he stated that one of the screwdrivers could have "produced ridge and groove characteristics on lead which were similar in striation and width as those found or developed in the plaster cast," but he testified that he could

not eliminate the possibility that some other screwdriver could have produced similar ridge and groove striations.

Norman D. Henson, who assisted Officer Pilsch in arresting the appellant and Miss Butler, noticed that while Officer Pilsch was searching and handcuffing the appellant, Miss Butler attempted to conceal her purse by either sitting on it or placing it in the small of her back as she was seated in the car.

Appellant contends that the evidence was entirely circumstantial and, apparently for this reason, regards it as insufficient to support his conviction. As we pointed out in *Metz v. State*, 9 Md. App. 15, 22-23, 262 A. 2d 331 (1970) and reiterated in *Kelly v. State*, 14 Md. App. 287, 293-94, 286 A. 2d 806 (1972), circumstantial evidence is entirely sufficient to support a conviction provided the circumstances support rational inferences from which the trier of fact could be convinced beyond a reasonable doubt of the defendant's guilt. In the instant case, the evidence clearly satisfies the test. It is not required that the evidence be sufficient to prove guilt beyond all doubt. *Graham v. State*, 13 Md. App. 171, 178, 282 A. 2d 162 (1971). If the jury believed, as they obviously did, that the appellant was the only person who had an opportunity to take the money between the time it was last observed by Mr. Miss and its loss was discovered, that is sufficient to support the conviction. Mr. Schley's testimony supports that conclusion. The credibility of the witnesses is always a question for the trier of facts to determine. *Szewczyk v. State*, 7 Md. App. 597, 602, 256 A. 2d 713 (1969); *Watson v. State*, 6 Md. App. 134, 139, 250 A. 2d 311 (1969).

*Judgment affirmed.*