Louis VINSTON, Appellant,

v.

A.L. LOCKHART, Director, Arkansas Department of Corrections, Appellee.

No. 87–1292 EA.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 11, 1988.

Decided June 24, 1988.

Rehearings and Rehearings En Banc Denied Aug. 10, 1988.

Jo–Ann L. Goldman, Little Rock, Ark., for appellant.

Jack Gillean, Asst. Atty. Gen., Little Rock, Ark., for appellee.

Before McMILLIAN and ARNOLD, Circuit Judges, and HARPER,* Senior District Judge.

HARPER, Senior District Judge.

Louis Vinston appeals the district court's denial of his petition for habeas corpus. Vinston was convicted in the Circuit Court of Pulaski County, Arkansas of aggravated robbery and theft of property. Vinston appealed his conviction to the Arkansas Supreme Court, where it was affirmed. He then applied in federal district court for a writ of habeas corpus, which was denied. We affirm the district court's denial of Vinston's petition for habeas corpus.

The facts giving rise to this appeal are as follows: On October 30, 1980, two men entered Henshaw's Jewelry Store in Little Rock, Arkansas. After forcing the owners into a back room, the two men, one black and one white, stole jewelry and other property from jewelry cases and the store's safe. Acting on information supplied by a maintenance worker employed at the shopping center where Henshaw's is located, the police were able to track down the car believed driven by the robbers. After finding it was registered in Vinston's name, the police arrested him the following day.

The day after the robbery, a detective showed Mr. and Mrs. Henshaw, the owners of the store, six photographs of black men, one of which was Vinston. The Henshaws were unable to make a positive identification from the photographs. Later that day, the Henshaws attended a lineup at the Little Rock Police Department. After viewing the lineup twice, they identified Vinston as one of the robbers.

A twelve-member jury was chosen for Vinston's trial. During the trial, one juror, Mrs. Colburn, received word that her son had been seriously injured and would require surgery the following morning. The judge informed the jury that it would be necessary to finish the case that night because he would not require Mrs. Colburn to attend the trial the next day. At this point, Vinston's attorney suggested that they excuse Mrs. Colburn from the jury altogether, and simply proceed with an eleven-member jury. The prosecutor said he would agree to the eleven-member jury only if the situation was explained to Vinston so he could voice his agreement. The following dialogue is set out in the trial transcript:

[DEFENSE COUNSEL]: There is a woman out here that has to go. Her son is crippled or sick and I don't know her from Adam but in order to help that woman I suggested we would let her go and try the case with an eleven-man jury. I don't see where it would make any difference one way or the other. Is that all right?

THE COURT: Is that all right with you, Mr. Vinston?

* The HONORABLE ROY W. HARPER, Senior U.S. District Judge for the Eastern District of Missouri, sitting by designation.

MR. VINSTON, DEFENDANT: Yes, sir.

At the close of trial, the jury retired. After one hour and ten minutes, they remained deadlocked. The following day they renewed deliberations and returned a guilty verdict. Vinston appealed his conviction to the Arkansas Supreme Court, where it was affirmed. He then applied in federal district court for writ of habeas corpus, asserting the following four grounds of relief: (1) he was denied a fundamentally fair trial when he waived a twelve-member jury; (2) the lineup was conducted in violation of his right to have counsel present, plus both the lineup and the photospread were impermissibly suggestive and a strong likelihood existed that an irreparable misidentification occurred; (3) he was denied his due process rights because the jury found him to have been convicted of "four or more" prior offenses, which constituted an ambiguous verdict and was not shown to be unanimous; and (4) the State used a criminal docket sheet as evidence of prior convictions which resulted in error.

The district court denied relief. The court held Vinston had procedurally defaulted because he had not presented to the Arkansas state courts the first, third or fourth issues, nor the portion of the second issue pertaining to the right to counsel during a lineup. Additionally, the district court found Vinston could not establish "cause" for his failure to assert the issues in state court, and any prejudice resulting therefrom.

Vinston raises two issues on appeal to this court: (1) whether the district court erred in finding Vinston had procedurally defaulted with regard to his Sixth Amendment right to a twelve-member jury, and in the alternative, in finding Vinston had no federal constitutional right to a twelve-member jury; and (2) whether the district court erred in finding that the lineup conducted was not impermissibly suggestive so that a substantial likelihood of irreparable misidentification occurred. We will analyze each issue in turn.

## THE SIXTH AMENDMENT CLAIM.

■ Vinston claims he has a Sixth Amendment right to trial by a twelve-member jury. This issue was raised for the first time in Vinston's federal habeas corpus petition. A federal court is barred from reaching the merits of habeas corpus issues if those issues have not previously been alleged in state court. *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed. 2d 594 (1977). An exception to this bar exists if the petitioner can establish "cause" for his failure to assert the known issue and prejudice resulting from the failure. One example of "cause" is when a constitutional claim is so novel that its legal basis is not reasonably available to counsel. *Reed v. Ross*, 468 U.S. 1, 104 S.Ct. 2901, 82 L.Ed.2d 1 (1984).

Arkansas state law provides the procedure for waiving trial by jury in the Arkansas state courts; the Arkansas statutes are silent on the subject of the propriety of trial by a jury comprised of less than twelve members. The pertinent state statutes and rules read as follows:

In all criminal cases, except where a sentence of death may be imposed, trial by a jury may be waived by the defendant, provided the prosecuting attorney gives his assent to such waiver. Such waiver and the assent thereto shall be made in open court and entered of record. In the event of such waiver, the trial judge shall pass upon the law and the facts. Ark.Stat.Ann. § 43–2108 (Repl.1977).

Rule 31 of the Arkansas Rules of Criminal Procedure states:

*Rule 31.1* Waiver of Trial by Jury: Assent by Prosecutor. No defendant in any criminal cause may waive a trial by jury unless the waiver is assented to by the prosecuting attorney and approved by the court.

*Rule 31.2* Waiver of Trial by Jury: Personal Request. Should a defendant desire to waive his right to trial by jury, he must do so personally either in writing or in open court. A verbatim record of any proceedings at which a defendant waives his right to a trial by jury shall be made and preserved.

*Rule 31.3* Waiver of Trial by Jury: Waiver by Counsel or Agent. In misdemeanor cases, where only a fine is imposed by the court, a jury trial may be waived by the defendant's attorney, except that a corporation charged with any crime may waive a jury trial through counsel or authorized corporate officer.

*Rule 31.4* Waiver of Trial by Jury: Capital Felonies. No defendant charged with a capital felony may waive either trial by jury on the issue of guilt or the right to have sentence determined by a jury unless:

(a) the court in which the cause is to be tried determines that the waiver is voluntarily and freely proffered without compulsion or coercion; and

(b) the prosecuting attorney, with the permission of the court, has waived the death penalty; and

(c) the prosecuting attorney has assented to the waiver of trial by jury, and such waiver has been approved by the court.

Vinston stipulates that his trial counsel followed the state procedure; consequently, there was no Sixth Amendment issue ripe for appeal at the State level. Vinston argues, however, that he has a right to a twelve-member jury pursuant to Fed.R. Crim.P. 23. The relevant portion of the federal rule reads as follows:

(a) Trial by Jury. Cases required to be tried by juries shall be so tried unless the defendant waives a jury trial in writing with the approval of the court and the consent of the government.

(b) Jury of Less Than Twelve. Juries shall be of 12 but at any time before verdict the parties may stipulate in writing with the approval of the court that the jury shall consist of any number less than 12 or that a valid verdict may be returned by a jury of less than 12 should the court find it necessary to excuse one or more jurors for any just cause after trial commences. Even absent such stipulation, if the court finds it necessary to excuse a juror for just cause after the jury has retired to consider its verdict, in the discretion of the court a valid verdict may be returned by the remaining 11 jurors.

Vinston claims that trial by a twelve-member jury is a fundamental right. He further claims that his right to a twelve-member jury was improperly waived. Vinston attempts to establish "cause" for failure to raise the jury issue at the state level on the basis that under the federal rule, an improper waiver gives rise to a constitutional claim so novel that it was not reasonably available to counsel. Vinston premises his Sixth Amendment claim on the application of the Federal Rules of Criminal Procedure to the Arkansas State Courts. He cites Fed.R.Crim.P. 23 for his proposition that a criminal defendant is entitled to a jury composed of twelve persons, unless specifically waived in writing.

The Sixth Amendment states:

In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the state and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusations; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence. [sic]. U.S. Const. amend. VI

The Sixth Amendment gives a criminal defendant the right to a trial by jury, but does not specify the number of jurors required. While it may be true under Fed.R. Crim.P. 23 that a federal criminal defendant is entitled to a twelve-member jury unless properly waived, Vinston started out as and remains a state criminal defendant. An Arkansas statute provides that juries in criminal prosecutions shall be composed of twelve members. Ark.Stat.Ann. § 43–1901 (Repl.1977). Arkansas case law has established that a state criminal defendant can waive the right to a twelve-member jury. *Ford v. State*, 222 Ark. 16, 257 S.W.2d 30 (1953). The Supreme Court has held that trials by juries of less than twelve persons are constitutional. *Ballew v. Georgia*, 435 U.S. 223, 98 S.Ct. 1029, 55 L.Ed.2d 234

(1978); *Williams v. Florida,* 399 U.S. 78, 90 S.Ct. 1893, 26 L.Ed.2d 446 (1970).

The district court's rejection of Vinston's Sixth Amendment argument should be affirmed. He procedurally defaulted by failing to present this issue in his state appeal. Nor is this issue by any means "novel" in the sense required that this court will overlook the procedural default. An issue will not be considered novel for the purpose of excusing a procedural default if the tools to construct the argument were available to counsel and he could have, through the exercise of reasonable diligence, become aware of the argument. *Leggins v. Lockhart,* 822 F.2d 764, 767, 768 (8th Cir.1987). Vinston's trial took place in 1981. In retrospect, nothing presented in his Sixth Amendment argument would have been construed as novel in 1981.

■ Even were this court to overlook the procedural default and address Vinston's claim on the merits, we would deny relief. There is no federal rule binding the state courts to use a twelve-member jury in state criminal prosecutions. The state courts are bound by their own sets of criminal procedure rules. Vinston's attorney properly followed Arkansas law in obtaining Vinston's waiver in open court to a twelve-member jury. The first issue on appeal is denied.

## THE PRETRIAL IDENTIFICATION CLAIM.

On the morning following the robbery, a detective showed the Henshaws six photographs of black men, one of whom was Vinston. The Henshaws were unable to make a positive identification from the photographs. Later that day, the Henshaws attended a lineup in which Vinston participated. He was the only participant whose photograph had been included in the photospread. Both Mr. and Mrs. Henshaw identified Vinston from the lineup as one of the robbers. They subsequently were able to identify him at trial.

■ Vinston claims that the police officers present at the lineup made suggestions to the Henshaws that contributed to

their identification of him. He also claims the pretrial identification procedures were suggestive because he was the only person in both the photospread and the lineup. In assessing the reliability of a witness' identification, the court must weigh the following factors: The opportunity of the witness to view the criminal at the time of the crime; the witness' degree of attention; the accuracy of the witness' prior descriptions; and the length of time between the crime and the confrontation. *Neil v. Biggers,* 409 U.S. 188, 199–200, 93 S.Ct. 375, 382–83, 34 L.Ed.2d 401 (1972).

The Henshaws both testified that no one suggested to them whom to assume from the lineup. They further testified that they had a good opportunity to view the black robber at the time of the robbery. There was testimony by the wife of one of the other suspects that she overheard one of the officers at the lineup comment on Vinston's clothing. These comments were made to witnesses who were unable to identify Vinston at either the lineup or the trial.

In a federal habeas corpus petition, when faced with a challenge to a state court conviction, the federal court "must accord the state court findings of fact a 'high measure of deference.'" *Graham v. Solem,* 728 F.2d 1533, 1540 (8th Cir.) (en banc), *cert. denied* 469 U.S. 842, 105 S.Ct. 148, 83 L.Ed.2d 86 (1984), quoting *Sumner v. Mata,* 455 U.S. 591, 598, 102 S.Ct. 1303, 1307, 71 L.Ed.2d 480 (1982) (per curiam). Vinston filed a pretrial motion to suppress in-court identification and the trial court found the lineup was not impermissibly suggestive. Vinston appealed to the Arkansas Supreme Court where this issue was again reviewed. That court also rejected his argument that the lineup procedures were suggestive. When this issue arose again in the federal habeas corpus petition, the district court also rejected it.

Nothing in the record supports Vinston's argument that the identification procedures were suggestive. There was no substantial likelihood of an irreparable misidentifi-

cation. Petitioner's second issue on appeal should be denied.

Affirmed.