594 A.2d 1174

**Earl Michael KENNEY,**

**v.**

**STATE of Maryland.**

**No. 1562, Sept. Term, 1990.**

Court of Special Appeals of Maryland.

Sept. 4, 1991.

Gary S. Offutt, Asst. Public Defender (Stephen E. Harris, Public Defender, on the brief), Baltimore, for appellant.

Thomas K. Clancy, Asst. Atty. Gen., (J. Joseph Curran, Jr., Atty. Gen., Baltimore, and Alexander Williams, Jr., State's Atty., for Prince George's County of Upper Marlboro, on the brief), for appellee.

Argued before BISHOP, ROSALYN B. BELL and FISCHER, JJ.

BISHOP, Judge.

Appellant, Earl Michael Kenney, was convicted by a jury in the Circuit Court for Prince George's County of battery and transporting a handgun. Appellant was sentenced to imprisonment for five years, with all but two years suspended, for the battery conviction. For the handgun conviction, appellant was sentenced to imprisonment for three years, with all but one year suspended, to run consecutively with the sentence for the battery conviction.

*Issues*

Appellant raises the following issues:

I. The trial court erred by restricting his efforts to impeach the victim's testimony by showing that her statements and conduct subsequent to the incident in question were inconsistent with appellant having committed the offenses against her.

II. The trial court erred by permitting the prosecutor to argue the missing witness rule during his closing argument.

III. The trial court erred by permitting the case to be decided by eleven jurors without engaging in any inquiry on the record to insure that this election was knowing and voluntary.

Because we find merit in appellant's third argument, we need not address the first and second issues.

### *Facts*

Appellant's convictions are the result of an alleged attack on Angela Yvonne Tillman, his former girlfriend. Following the trial, the jury left the courtroom to deliberate its verdict. At the end of the day's deliberations, the foreman of the jury advised the court that one member was scheduled to have surgery on the following Monday morning. The juror advised the court that she was to have breast surgery and that it could not be postponed. The following colloquy occurred:

THE COURT: Okay. Wait a minute. We have a choice. He [the defendant] can either go with 11, or I am not going to ask this lady to come back on Monday under the circumstances. We can either declare a mistrial, stay tonight or go with 11.

[Defense Counsel]: I would assume it would have to be stay tonight or go with 11. I would have to ask my client if he would go with the 11, if that's the alternative.

THE COURT: *Why don't you go down there and we will wait right now.*[1]

---

1. There is no indication in the record that the defendant was present in the courtroom for this discussion; however, we assume from this

(The juror went back to the jury box.)

([Defense Counsel] returned to the bench and the following ensued:)

[Defense Counsel]: Your Honor, could I ask the State's Attorney if their intentions are to prosecute the case if it's a mistrial? My client has advised me—

THE COURT: You know they are going to prosecute him.

[Defense Counsel]: My client has advised me that he does not want to interfere with this person's surgery, and he will go with the 11.

THE COURT: He will go with the 11? Okay.

Madam Foreman and ladies and gentlemen of the jury, this lady, there is no way I would ask her to come back on Monday under the circumstances, and both sides have agreed to go with 11, so we don't have a problem.

## Discussion

■ Appellant contends that the trial court erred in permitting an eleven member jury without engaging appellant in any inquiry on the record. We agree and explain.

Maryland Rule 4–311 preserves the right to a trial by jury to parties in circuit court. It also provides:

(b) **Number of Jurors.**—A jury shall consist of 12 persons unless the parties stipulate at any time in writing or on the record that the jury shall consist of any number less than 12.

This rule clearly allows for a stipulation to be made either in writing or orally on the record.

In *Williams v. State*, 22 Md.App. 714, 325 A.2d 427 (1974), we were asked to interpret Maryland Rule 743 which provided:

*Jurors—Number.* A jury shall consist of twelve persons but at any time before verdict the parties may stipulate in

___

statement by the court that the defendant was not present in the courtroom.

writing with the approval of the court that the jury shall consist of any number less than twelve.

The issue presented in *Williams* was whether Rule 743 required a written stipulation if a criminal case was to be tried with fewer than 12 jurors. Since this aspect of the Maryland Rule had not been construed previously, we relied on federal decisions which interpreted Rule 23(b) of the Federal Rules of Criminal Procedure. Rule 23(b), which is substantially similar to the former Maryland Rule 743, provided the following when *Williams* was decided:

> *Jury of Less Than Twelve.* Juries shall be of 12 but at any time before verdict the parties may stipulate in writing with the approval of the court that the jury shall consist of any number less than 12.

Currently Rule 23(b) provides:

> **Jury of Less than Twelve.** Juries shall be of 12 but at any time before verdict the parties may stipulate in writing with the approval of the court that the jury shall consist of any number less than 12 or that a valid verdict may be returned by a jury of less than 12 should the court find it necessary to excuse one or more jurors for any just cause after trial commences. Even absent such stipulation, if the court finds it necessary to excuse a juror for just cause after the jury has retired to consider its verdict, in the discretion of the court a valid verdict may be returned by the remaining 11 jurors.

In *Williams* we held that a personal stipulation by an accused in open court, which is taken down by a court reporter, is equivalent to a stipulation in writing. *Williams*, 22 Md.App. 714, 718, 325 A.2d 427 (1974). In reaching this conclusion we recognized that:

> "If anything, an oral stipulation entered into, under such circumstances, carries more inherent protection of the defendant's basic rights than a written stipulation executed by the defendant out of court and out of the presence of the judge, where no record is made of the arguments or circumstances which were advanced to bring it about."

*Id.* (quoting *United States v. Ricks,* 475 F.2d 1326, 1328 (D.C.Cir.1973)).

In *Williams,* 22 Md.App. at 718, 325 A.2d 427, this Court in interpreting former Rule 23(b) cited with approval *United States v. Guerrero–Peralta,* 446 F.2d 876 (9th Cir.1971). *Guerrero* observed:

> Counsels' oral stipulation for an eleven-member jury was not in writing, but did appear in the reporter's transcript. The court did not personally address Guerrero–Peralta, and no statement by her concerning her decision to proceed appears in the record. An oral stipulation may, under certain circumstances, satisfy the Rule, but it must appear from the record that the defendant personally gave express consent in open court, intelligently and knowingly, to the stipulation.

*Id.* at 877 (citations omitted).

In *Patton v. United States,* 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854 (1930), the United States Circuit Court of Appeals for the 8th Circuit certified to the Supreme Court of the United States the question of whether the constitutional right of a criminal defendant to a jury trial may be waived. Several days into a criminal trial one of the jurors in *Patton,* because of severe illness, was unable to continue jury service.

> Thereupon it was stipulated in open court by the government and counsel for defendants, defendants personally assenting thereto, that the trial should proceed with the remaining eleven jurors.

*Patton,* 281 U.S. at 286, 50 S.Ct. at 254. The trial judge consented but stated that both the government and the defendants were entitled to a twelve-person jury and that the absence of one juror would require a mistrial, unless all parties waived all objections and agreed to an eleven-person verdict. The stipulations were then renewed by all parties in open court. After an exhaustive discussion of the rights of a criminal defendant under § 2, clause 3 of Article 3 of the Federal Constitution and the 6th Amendment, the Court concluded:

In affirming the power of the defendant in any criminal case to waive a trial by a constitutional jury and submit to trial by a jury of less than twelve persons, or by the court, we do not mean to hold that the waiver must be put into effect at all events. That, perhaps, sufficiently appears already. Trial by jury is the normal and, with occasional exceptions, the preferable mode of disposing of issues of fact in criminal cases above the grade of petty offenses. In such cases the value and appropriateness of jury trial have been established by long experience, and are not now to be denied. Not only must the right of the accused to a trial by a constitutional jury be jealously preserved, but the maintenance of the jury as a fact-finding body in criminal cases is of such importance and has such a place in our traditions, that, before any waiver can become effective, the consent of government counsel and the sanction of the court must be had, in addition to the express and intelligent consent of the defendant. And the duty of the trial court in that regard is not to be discharged as a mere matter of rote, but with sound and advised discretion, with an eye to avoid unreasonable or undue departures from the mode of trial or from any of the essential elements thereof, and with a caution increasing in degree as the offenses dealt with increase in gravity.

281 U.S. at 312–13, 50 S.Ct. at 263.

■ Md. Rule 4–311(b) while permitting an on-the-record stipulation, when read against the background of *Williams, Guerrero–Peralta* and *Patton,* requires that it appear in the record that the defendant personally gave express, intelligent and knowing consent, in open court, to the stipulation.

In the case *sub judice,* the State argues that no personal inquiry of the accused is mandated by Maryland law; that it is enough that defendant's counsel made the oral stipulation, the court approved it, and the defendant did not object. This goes too far. The purpose of the stipulation in Maryland Rule 4–311(b) is to provide the best record evidence of

the defendant's express consent in order to protect his basic rights. Express consent given orally by a defendant personally and appearing on the record carries inherent protection of the defendant's basic rights and is the minimum protection required. It is not sufficient that a defendant's counsel stipulate on the record, particularly, as in the case *sub judice*, where there is no indication that the defendant was even present in the courtroom.

JUDGMENT REVERSED. COSTS TO BE PAID BY PRINCE GEORGE'S COUNTY.