**Charles BATES, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 6–92–016–CR.**

Court of Appeals of Texas, Texarkana.

Oct. 6, 1992.

Charles Bates, Palestine, for appellant.

Charles C. Bailey, Dist. Atty., Mt. Pleasant, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

GRANT, Justice.

Charles Bates appeals from a conviction for delivery of a controlled substance. We reverse the judgment of the trial court and remand for a new trial.

Bates contends (1) that the judgment is void because the jury consisted of only eleven people, (2) that the evidence was insufficient to support the verdict, and (3) that his appointed counsel was ineffective.

At trial, the main evidence against Bates consisted of the testimony of undercover police officer Debbie Rojo, who testified that she received a packet of cocaine in a transaction involving Bates. Officer Rojo testified that she drove to an apartment complex in Pittsburg, Texas, with Charles Bates and his brother Melvin in an effort to procure crack cocaine. At the complex, Charles left the car for about two minutes and then returned holding two "rock-like substances" in his hand. He gave the substances to Melvin, who then gave them to Officer Rojo. Later, the Texas Department of Public Safety crime lab in Tyler determined that the substances passed in the car were crack cocaine. Bates was charged with delivery of a controlled substance, namely less than twenty-eight grams of cocaine, and was tried before a jury. He was found guilty and sentenced to fifty years' imprisonment and a $5,000 fine.

Bates contends that the judgment against him is void because the jury that convicted him consisted of only eleven people, thus violating Article V, § 13 of the Texas Constitution that requires that twelve people sit on a petit jury in district court. Although twelve people were chosen to serve on the jury in this case, as shown by the "Jury Chosen" list in the transcript, one name on that list, Carrie

Reaves, has a line drawn through it. Furthermore, Reaves did not sign the jury verdict forms as did the eleven others. Only the presiding juror need sign the verdict unless one or two jurors have been dismissed by the judge during the course of the trial under Tex.Code Crim.Proc.Ann. art. 36.29(b) (Vernon Supp.1992). In that event each member of the jury must sign the verdict, as was done in the present case. The judgment, on the other hand, recites that "Joe Rodsey and eleven others were duly selected, impaneled and sworn" and returned a verdict.

The State does not dispute[1] that only eleven jurors deliberated on his guilt or innocence and on his punishment, but it contends that Bates waived any error by failing to object.

The State suggests that Reaves was properly dismissed by the trial judge because she had become disabled due to illness or death, citing Tex.Code Crim.Proc. Ann. art. 36.29(a) (Vernon Supp.1992), which provides:

> [W]hen pending the trial of any felony case, one juror may die or be disabled from sitting at any time before the charge is read to the jury, the remainder of the jury shall have the power to render the verdict; but when the verdict shall be rendered by less than the whole number, it shall be signed by every member of the jury concurring in it.

This exception to the requirement of twelve jurors is authorized under Article V, § 13 of the Texas Constitution, which specifically provides that when "one or more jurors not exceeding three, may die, or be disabled from sitting, the remainder of the jury shall have the power to render the verdict."[2]

We find nothing in the record about this juror being excused for any reason. There is no docket entry, no reference in the statement of facts, and nothing in the transcript to show that the juror was excused.

---

1. Tex.R.App.P. 74(f) (statement made in appellant's brief may be accepted as correct unless challenged by appellee).

2. The Texas Constitution further provides that the Legislature may change or modify the rule authorizing less than the whole number of the jury to render a verdict.

There is simply no basis in the record on which to say that the court below properly dismissed her from service. There is no presumption from a silent record that the juror was properly excused. Therefore, TEX.CODE CRIM.PROC.ANN. art. 36.29(a), (b) and the portion of Article V, § 13 of the Texas Constitution allowing jurors to be excused because of death or disability is not applicable to this case.

■ The State further contends that Bates waived any objection to being convicted by only eleven jurors when he did not object to Reaves' absence. The record also shows that when the jury brought in the verdict of guilty, the trial court asked counsel if there were any objections to the court accepting the verdict at that time, and counsel for Bates answered, "No, Your Honor." Also when the jury returned its verdict on punishment, the court asked if there were any objections to the court's accepting the verdict, and counsel for Bates again answered, "No, Your Honor."

Article V, § 13 of the Texas Constitution mandates a petit jury of twelve jurors in district courts. The Constitution allows a narrow exception when jurors become ill or die. The question is whether Bates could waive this constitutional right and whether he did.

■ An accused may waive his right to a jury trial under the United States Constitution and under the Texas Constitution. *Patton v. United States*, 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854 (1930); *Samudio v. State*, 648 S.W.2d 312 (Tex.Crim.App.1983), *cert. denied*, 462 U.S. 1132, 103 S.Ct. 3113, 77 L.Ed.2d 1368 (1983). It can be argued that to waive a full jury and accede to trial by a lesser number is closely allied to the right to waive entirely a trial by jury in a criminal case. *See* 47 AM.JUR.2D *Jury* § 128 (1969 & Supp.1992). In Texas courts, for an accused to waive a jury trial in a felony case, he or she must expressly waive that right in writing in open court with the consent and approval of the court and the attorney representing the State. TEX.CODE CRIM.PROC.ANN. art. 1.13 (Vernon Supp.1992).[3]

There are numerous cases in other jurisdictions discussing what constitutes waiver of a full jury. *See generally*, V. Woerner, Annotation, *Sufficiency of Waiver of Full Jury*, 93 A.L.R.2D 410 (1964); *see also* 47 AM.JUR.2D *Jury* §§ 128–130 (1969 & Supp. 1992). These cases have dealt with such issues as whether it was made in open court,[4] whether it must be made by the defendant personally[5] or may be made by counsel for the accused,[6] whether it must be in writing[7] or can be made orally,[8] and

3. In the case of *Guillett v. State*, 677 S.W.2d 46, 49 (Tex.Crim.App.1984), the Court of Criminal Appeals said, "[T]he State must establish through the trial record an express, knowing, and intelligent waiver of jury trial by a defendant. A waiver of jury is not to be presumed from a silent record, at least not on direct appeal."

4. Many jurisdictions require this waiver to occur in open court, e.g. *Vinston v. Lockhart*, 850 F.2d 420 (8th Cir.1988); *United States v. Reyes*, 603 F.2d 69 (9th Cir.1979); *United States v. Lane*, 479 F.2d 1134 (6th Cir.), *cert. denied*, 414 U.S. 861, 94 S.Ct. 78, 38 L.Ed.2d 112 (1973); *United States v. Ricks*, 475 F.2d 1326 (D.C.Cir. 1973); *People v. Waters*, 641 P.2d 292 (Colo.Ct. App.1981).

5. Some jurisdictions require that the waiver be by the defendant personally, e.g. *United States v. Neal*, 692 F.2d 1296 (10th Cir.1982); *Walker v. State*, 578 P.2d 1388 (Alaska 1978); *State v. Reid*, 155 Ariz. 399, 747 P.2d 560 (1987); *Zakhi v. State*, 560 N.E.2d 683 (Ind.Ct.App.1990);

*Williams v. State*, 22 Md.App. 714, 325 A.2d 427 (1974); *State v. Allman*, 19 Wash.App. 169, 573 P.2d 1329 (1977).

Under the Uniform Rules of Criminal Procedure, an accused can waive the right to trial by a full jury only if it is done in open court and the accused understandingly and voluntarily waives the right. UNIF.R.CRIM.PROC. 511(b), 10 U.L.A. 258 (1974).

6. Some of the courts of other jurisdictions allow this waiver to be made by counsel, e.g. *United States ex rel. Burnett v. People of the State of Illinois*, 619 F.2d 668 (7th Cir.1980); *United States v. Spiegel*, 604 F.2d 961 (5th Cir.1979); *People v. Waters*, 641 P.2d 292 (Colo.Ct.App. 1981); *Judy v. State*, 470 N.E.2d 380 (Ind.Ct. App.1984).

7. *Jones v. State*, 452 So.2d 643 (Fla.Ct.App.1984), *pet. denied*, 461 So.2d 116 (Fla.1985).

8. Many jurisdictions permit a waiver of a twelve-person jury to be oral. *United States v. Fisher*, 912 F.2d 728 (4th Cir.1990); *United*

whether the record must reflect that the defendant's waiver was informed, intelligent, and voluntary.[9] There is no need for concern about any of these issues in the present case because all of these issues involve some affirmative act of waiver. In the present case, the record does not show that there was any affirmative waiver in open court or any other place. None was made personally or by counsel for the defendant. None was made in writing or orally, and nothing in the record suggests that the defendant made an informed, intelligent, and voluntary waiver. Thus, the only issue on waiver is whether the failure to object constitutes a waiver.

In *Buck v. State*, 599 S.W.2d 810 (Tex. Crim.App. [Panel Op.] 1980), the Court of Criminal Appeals held that, when both sides agree in open court, a jury trial could properly be held in a misdemeanor case with only five jurors. The statutorily requisite number of jurors in a misdemeanor case is six. TEX.CODE CRIM.PROC.ANN. art. 33.01 .(Vernon 1989). (A defendant in a misdemeanor case has the same right to a jury trial as a defendant in a felony case. *Samudio*, 648 S.W.2d at 313.) The Court of Criminal Appeals, in dealing with this issue in *Samudio*, expressly overruled as inconsistent its previous opinion in *Buck*. Therefore, the Court of Criminal Appeals' overturning of *Buck* strongly suggests that any time in a criminal case that a juror is missing and has not been properly dismissed by the judge, the verdict is invalid unless the State has procured the defendant's express waiver of trial by jury.

In *Samudio*, the Court of Criminal Appeals cites the following language from *Patton v. United States*, 281 U.S. 276, 50 S.Ct. 253:

> Not only must the right of the accused to a trial by a constitutional jury be jealously preserved, but the maintenance of the jury as a fact-finding body in criminal

cases is of such importance that, before any waiver can become effective, the consent of government counsel and the sanction of the court must be had, *in addition to the expressed and intelligent consent of the defendant.*

*Samudio*, 648 S.W.2d at 313.

The case of *Clark v. State*, 161 Tex. Crim. 278, 276 S.W.2d 819 (1955), adds weight to this conclusion. In *Clark*, the Court said that a jury of twelve in felony cases is an essential element in the right to a jury trial. Furthermore, the fact that the defendant in *Clark* had agreed during the trial to excuse a juror so that he could attend his ailing wife did not amount to an effective waiver of the defendant's constitutional rights. In the *Clark* case, the court said, "A judgment in a felony case where there is a plea of not guilty, based upon a verdict of only eleven jurors, is absolutely void," citing *Dunn v. State*, 92 Tex.Crim. 126, 242 S.W. 1049 (1922), which says the same thing in no uncertain terms.

▮▮▮ A waiver of jury is not to be presumed from a silent record, at least not on direct appeal. *Samudio*, 648 S.W.2d 312. Even if the waiver of a full jury does not require the same formality as a waiver of a jury itself, there must be some affirmative waiver on the part of the defendant.

The State cites *Renner v. State*, 758 S.W.2d 890 (Tex.App.—Corpus Christi 1988, pet. ref'd). In the *Renner* case, a jury of less than twelve jurors returned a verdict without each juror having signed the verdict as required by law. In *Renner*, however, the defendant did not complain about the dismissal of a juror because of illness. The Corpus Christi court held that the absence of the remaining jurors' signatures was a matter of form only and could have been cured if the defendant had objected to the failure of the jurors to sign.

*States v. Essex*, 734 F.2d 832 (D.C.Cir.1984); *Walker v. State*, 578 P.2d 1388 (Alaska 1978); *Williams v. State*, 22 Md.App. 714, 325 A.2d 427 (1974).

**9.** Some jurisdictions require that the record show that the defendant's waiver of right to a full jury was informed, intelligent, and volun-

tary. *United States v. Reyes*, 603 F.2d 69 (9th Cir.1979); *Johnson v. State*, 489 N.E.2d 65 (Ind. 1986); *State v. Shuck*, 278 S.C. 441, 298 S.E.2d 95 (1982). "The record must reflect that the defendant deliberately and not inadvertently waived the right to be tried by a jury of twelve." *Horne v. United States*, 264 F.2d 40 (5th Cir. 1959).

Thus, the error was waived. The present case differs from *Renner* because Bates does not complain about a clerical error. There was no dispute in the *Renner* case as to the proper number of jurors or the verdict reached, but rather the dispute centered around a failure of the jurors to properly sign the verdict. There was no question in the *Renner* case about the proper dismissal of a juror. The Court of Criminal Appeals found a similar error in form in *Shelton v. State*, 441 S.W.2d 536 (Tex.Crim.App.1969).

Because the Texas Constitution mandates a trial in a felony case by twelve jurors, and because no waiver of that right has been shown by defendant or his counsel, and no dismissal of a juror has been shown on the basis of death or illness, this Court has no choice but to find that the judgment of the court below is void. Because the verdict is void, the judgment will be set aside, and the proper disposition is to remand the case for a new trial. *See Dunn*, 242 S.W. at 1054. The point of error is sustained.

█ Bates also contends on appeal that the evidence was insufficient to support the verdict. His allegations are, in effect, that there was a fatal variance between the indictment and the proof, i.e., the *allegata* and the *probata*.

The indictment charges that Bates "did then and there intentionally and knowingly deliver to Debbie Rojo a controlled substance, namely cocaine of less than twenty eight grams by actually transferring said controlled substance." The jury charge followed the indictment but also charged the jury with the law of parties.

█ Bates attacks the sufficiency of the evidence to sustain the verdict. In reviewing the legal sufficiency of the evidence, we look at all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found each element of the offense beyond a reasonable doubt. *Jack-*

*son v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Rivera v. State*, 808 S.W.2d 80, 91 (Tex.Crim.App. 1991). In reviewing the factual sufficiency of the evidence, we look at all the evidence and determine whether the conviction is against the great weight of the evidence. The trier of fact is free to accept or reject any or all of any witness's testimony. *Adelman v. State*, 828 S.W.2d 418 (Tex. Crim.App.1992).

Specifically, Bates alleges that at most the evidence shows that a constructive transfer occurred between Bates and Officer Rojo, and thus, says Bates, the proof was at variance with the indictment, which charges only an actual transfer.

Section 481.002(8) of the Texas Controlled Substances Act provides three means to accomplish delivery of a controlled substance: actual transfer, constructive transfer, and offer to sell. TEX. HEALTH & SAFETY CODE ANN. § 481.002(8) (Vernon 1992). The State must allege in the indictment the method of delivery on which it relies in the trial. *Ferguson v. State*, 622 S.W.2d 846, 850 (Tex.Crim.App. [Panel Op.] 1981).[10]

The case of *Jimenez v. State*, 739 S.W.2d 499 (Tex.App.—Corpus Christi 1987, pet. ref'd), is directly in point. In that case, there was no evidence that the accused actually handled the drugs or physically made the transfer. In the present case, there is no evidence that Bates actually made the transfer to Officer Rojo. The Controlled Substances Act, however, did not override TEX.PENAL CODE ANN. §§ 7.01, 7.02 (Vernon 1974). Specifically, Section 7.02(a)(2) provides that a person is criminally responsible for the offense committed by the conduct of another if, acting with intent to promote or assist the offense, he aids or attempts to aid the other person commit the offense. Section 7.01(c) provides, "[E]ach party to an offense may be charged and convicted without alleging that he acted as a principal or accomplice."

---

10. The Court in *Ferguson v. State*, 622 S.W.2d 846 (Tex.Crim.App. [Panel Op.] 1981), speaks of giving the defendant precise notice of the nature of the accusation, then destroys that notice by

acknowledging that the State may allege all three methods of delivery in the indictment, thus circumventing the requirement of specificity.

*See Jimenez,* 739 S.W.2d at 501, 502. The evidence shows that Charles Bates had the controlled substance in his hand, that he gave it to his brother Melvin, who then in turn delivered it to the undercover officer. There is sufficient evidence to show that Charles Bates was a party to this delivery, and as a party, he is criminally responsible for the actual delivery offense committed by his brother.

Whether we view the evidence taken in the light most favorable to the State or review the evidence without this consideration, the evidence shows that Bates not only directed the officer to the apartment complex where the drugs were obtained, but he also procured the drugs himself and gave them to his brother to give to Rojo. Charles Bates was therefore properly convicted as a party to the actual delivery of the drugs by his brother Melvin to Officer Rojo. We overrule Bates' point of legal and factual sufficiency.

Because the first point considered is dispositive of the case, we do not address Bates' remaining point as to ineffectiveness of counsel.

The judgment of the trial court is reversed, and this case is remanded to the trial court for a new trial.